[No. 39968.    Department Two.    April 3,.1969.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES WILLIAMS, *Appellant*.*

*Irving C. Paul, Jr.,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, William L. Dowell,* and *Paul Acheson,* for respondent.

NEILL, J.—Defendant appeals from a determination that his transfer from juvenile court to superior court in 1952 for trial on a robbery charge was proper.

The juvenile court declined jurisdiction of defendant on May 7, 1952, without holding a transfer or declination hearing. Defendant pleaded guilty in superior court to one count of robbery and was sentenced to the penitentiary on July 22, 1952. On March 10, 1967, this court, acting in

*Reported in 453 P.2d 418.

response to a petition for habeas corpus filed by defendant, entered an order directing the King County Superior Court to hold a de novo hearing on the propriety of the original transfer of defendant's case from juvenile to adult court in accordance with *Dillenburg v. Maxwell*, 70 Wn.2d 331, 413 P.2d 940 (1966). Our order reads in part as follows:

[I]n the event of failure to initiate proceedings as herein prescribed within ninety days of petitioner's delivery to the county where the remitted proceedings are to be held, the petitioner shall be discharged from custody . . . .

. . . .

IT IS FURTHER ORDERED that the Superintendent of the correctional institution involved shall transport and deliver the petitioner to the Sheriff of the County of referral within a reasonable time before the date set for such remitted proceedings . . . .

The hearing on defendant's transfer was not held until October 13, 1967, 217 days after this court's order. At the de novo hearing, a Seattle police officer who, in 1952, had been assigned to the juvenile department, testified that defendant had orally admitted the crime and that he had been identified in a lineup by two robbery victims. Statements by defendant admitting strong-arm robberies were admitted, as were statements by the victims identifying defendant as one of the robbers. Juvenile court records were also admitted which showed that defendant had been adjudged a delinquent child on January 11, 1950. At the time of his transfer to adult authorities on May 7, 1952, defendant was within 4 months of his 18th birthday. The court ruled that the juvenile court's original transfer or declination of jurisdiction was proper.

Defendant first contends that he should be released because the de novo hearing was not held within 90 days of our March 10, 1967, order. That order contains an obvious ambiguity. The hearing is required to be held within 90 days of defendant's transfer to King County, while defendant's transfer is to take place a reasonable time before the hearing date. Thus, no definite time limit for the hearing is set by the order. Under these circum-

stances, we can only construe the order to require a hearing within a reasonable time.

■ The trial court found that defendant's hearing "has not been delayed beyond a prejudicial time." We find nothing in the record to indicate defendant was prejudiced by the delay; and the hearing, although occurring later than would normally be expected, was not delayed an unreasonable time.

Defendant further contends that no meaningful *Dillenburg* hearing is possible without consideration of his social files prepared by the juvenile authorities. These files were not considered at the de novo hearing as they had been destroyed by order of the juvenile court. This destruction was pursuant to normal practice. Defendant argues that these files, which may have contained reports by psychiatrists, psychologists and case workers, are "the very heart and soul" of our juvenile court system, and are a prerequisite to any real consideration of whether the juvenile court should retain jurisdiction. We recognize the importance of social files and do not approve of their destruction in cases where a juvenile is bound over to superior court and there convicted.

The de novo hearing is an inquiry into all the circumstances relating to the propriety of defendant's transfer. *Sheppard v. Rhay,* 73 Wn.2d 734, 736, 440 P.2d 422 (1968). If there is substantial evidence supporting the trial court's finding that the transfer was proper, this finding will not be disturbed on appeal. *Williams v. Rhay,* 73 Wn.2d 770, 440 P.2d 427 (1968).

■ There is evidence, including defendant's own admissions, that he had committed robberies where force was used against the victims. The court also had evidence of defendant's previous contacts with the juvenile court. Defendant, at the time of his transfer, was relatively mature, being within 4 months of reaching his 18th birthday. These are all listed among the "determinative factors" set forth by the United States Supreme Court in the appendix to *Kent v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct.

1045 (1966), which the juvenile court should consider in deciding whether to waive jurisdiction. These factors alone constitute substantial evidence supporting the determination that defendant's original transfer to adult court was justified. The social files which, if available, would normally be considered at the de novo hearing are not an absolute prerequisite to this determination.

The ruling by the Superior Court for King County that adult prosecution was originally dictated and the order to return defendant to the state penitentiary are affirmed.

HUNTER, C. J., FINLEY and HAMILTON, JJ., and OTT, J. Pro Tem., concur.