[No. 9706–1–II.   Division Two.   June 1, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. BRANDON J. SMITH, *Petitioner*.

*Dale A. McBeth,* for petitioner (appointed counsel for appeal).

*James R. Miller, Prosecuting Attorney,* and *Hugh K. Birgenheier, Deputy,* for respondent.

ALEXANDER, J.—On discretionary review, Brandon Smith contends that his conviction for harassment cannot stand. He alleges that the harassment statute, RCW 9A.46.020, is vague and thus, violates provisions of the United States and the Washington Constitutions. We hold that the statute is not unconstitutionally vague and we, therefore, affirm the conviction.

The charge against Smith for harassment was based on allegations that Smith made extensive threats to Pam Romine to kill her and her roommates. After the charge was filed in Lewis County District Court, Smith moved to dismiss the charge for the reason that the harassment statute was unconstitutionally vague on its face. The District Court judge agreed with Smith and granted the motion. The State appealed the District Court decision to Lewis County Superior Court, which reversed the District Court's order, and remanded the case to the District Court for trial. Smith sought discretionary review of that decision, but later withdrew his petition when, on stipulated facts, he was found guilty of harassment in District Court.

Smith appealed his conviction to Superior Court, which affirmed the District Court. Smith then sought discretionary review here, pursuant to RAP 2.3(d). The petition was granted.

The sole issue in this case is whether RCW 9A.46.020 is unconstitutional on its face because it is vague. The answer to that question is no. RCW 9A.46.020 provides that a person is guilty of harassment if he or she threatens "without lawful authority" to cause bodily injury in the future to another person. Smith contends that the phrase "without lawful authority" is vague, thus rendering the statute unconstitutional, in violation of the due process clauses of the Washington and United States Constitutions. Const. art. 1, § 3 and U.S. Const. amend. 14, § 1.

A statute is presumed to be constitutional and the

party challenging the statute for vagueness has the burden of proving that it is unconstitutional. *State v. Maciolek,* 101 Wn.2d 259, 263, 676 P.2d 996 (1984). A statute should not be declared unconstitutional unless it appears, beyond a reasonable doubt, to be unconstitutional on its face. *Maciolek,* 101 Wn.2d at 263.

When a defendant has challenged the statute as being wholly unconstitutional, the court looks to the face of the statute to determine whether a conviction under the statute can be constitutionally upheld. *Maciolek,* 101 Wn.2d at 262–63. The court does not, in such cases, look to the defendant's conduct in determining constitutionality. *Maciolek,* 101 Wn.2d at 262–63. *See also Bellevue v. Miller,* 85 Wn.2d 539, 541, 536 P.2d 603 (1975).

In determining whether a statute is unconstitutionally vague on its face, the court must resolve two questions. First, does the statute "provide fair notice, measured by common practice and understanding, of that conduct which is prohibited, so that persons of reasonable understanding are not required to guess at the meaning of the enactment"? *State v. Carter,* 89 Wn.2d 236, 239–40, 570 P.2d 1218 (1977). Second, does the statute "contain ascertainable standards for adjudication so that police, judges, and juries are not free to decide what is prohibited and what is not, depending on the facts in each particular case"? *Carter,* 89 Wn.2d at 240.

An analysis of the first question, regarding fair notice, requires us to look at whether a person of common intelligence would be able to understand what type of activity is prohibited by the statute. Even if a challenged term in the statute is vague in a general sense, the term must not be looked at in a vacuum. *Carter,* 89 Wn.2d at 240. A person must look at the statute in context in order to determine the meaning of its wording and this context includes section and chapter headings. *Carter,* 89 Wn.2d at 240.

Here, a person of common intelligence looking at the harassment statute should be able to understand that some type of law–based authority over another person is required

in order for that person to act with lawful authority when issuing threats. Significantly, the chapter heading, RCW 9A.46, is entitled "harassment." This places the term "without lawful authority" in its proper context; *i.e.,* people cannot threaten other people without having lawful authority to do so.

In order to determine who has lawful authority to issue threats, resort can be had to the common law, *Connally v. General Constr. Co.,* 269 U.S. 385, 70 L. Ed. 322, 328, 46 S. Ct. 126 (1926), and to legislative enactments, *see, e.g., State v. Richmond,* 102 Wn.2d 242, 248, 683 P.2d 1093 (1984). *See also* W. LaFave and A. Scott, *Criminal Law* § 11, at 85 (1972). Under the common law, two types of lawful authority traditionally exist: public and domestic. *See* R. Perkins, *Criminal Law* 869–80 (1957).

A definition of public authority may also be gleaned from RCW 9A.16.020, which sets out when the use of force is lawful, including the use of force by a public officer, a parent or guardian, and teachers. We believe that the right to use force lawfully as an officer of the law or as a parent in a domestic situation implicitly carries with it the authority to threaten such use lawfully, thus helping to define lawful authority. For example, it might be lawful in certain circumstances for a police officer to threaten: "Stop, or I'll shoot." Also, a parent may lawfully say to his child: "Don't do that or I'll spank you." Given the existence of these well recognized types of lawful authority, we believe that persons are given sufficient *notice of what conduct is prohibited and what conduct is allowed.*[1]

The second question requires the court to determine whether the decision that particular activity is prohibited is "entirely dependent upon a police officer's opinion". *Bellevue v. Miller,* 85 Wn.2d at 544. The due process clauses of

---

[1]Some authority exists for the proposition that a statute survives a vagueness challenge if the statute puts a person on notice that legal advice in interpreting the statute should be sought. *See* W. LaFave and A. Scott, *Criminal Law* § 11, at 85 (1972); Note, Harv. L. Rev. 77, 80 (1948).

the state and federal constitutions prohibit criminal statutes that "allow police officers, judge, and jury to *subjectively* decide what conduct the statute proscribes". *Maciolek,* 101 Wn.2d at 267. (Italics ours.) Thus, "inherently subjective terms" are not upheld. *Maciolek,* 101 Wn.2d at 267.

Here, the determination of whether lawful authority exists to justify threats of harm is principally an objective, not a subjective determination. Police officers, judges, and juries can, as we have noted, look to statutes and to the common law to add definition to the meaning of "lawful authority." Thus, the question of whether specific conduct is covered by the harassment statute is not entirely dependent on an officer's opinion.

Finally, we believe that the phrase "without lawful authority" may be distinguished from the terms found to be vague in the cases cited by Smith. Terms in criminal statutes that have been found to be unconstitutionally vague such as "no legitimate purpose," (Everett Municipal Code, Harassment), *Everett v. Moore,* 37 Wn. App. 862, 683 P.2d 617 (1984), "without lawful excuse," (criminal nonsupport statute, RCW 26.20.030(1)), *State v. Richmond, supra; State v. Hilt,* 99 Wn.2d 452, 662 P.2d 52 (1983), and "wanders or prowls in a place, at a time, or in a manner, and under circumstances, which manifest an unlawful purpose or which warrant alarm", (Bellevue vagrancy ordinance), *Bellevue v. Miller,* 85 Wn.2d at 542, do not lend themselves easily to an objective determination because they have no established meaning in statutes or common law.

The case cited by Smith that is closest to the present is *Seattle v. Rice,* 93 Wn.2d 728, 612 P.2d 792 (1980), in which our Supreme Court found the phrase "lawful order" to be vague. In *Rice,* the challenged Seattle trespass ordinance contained a proviso that a person was privileged to enter or remain in a place open to the public unless he defied a "lawful order" in doing so. A determination of whether one is defying a lawful order necessarily requires

an evaluation by that person of another person's authority, *i.e.*, whether the person giving that person the order has lawful authority and proper reasons for giving the order. *Rice*, 93 Wn.2d at 731-32. This frequently might be difficult to ascertain because one might reasonably fail to possess sufficient information about the other's authority to enable him to objectively determine the legality of that other person's order. In contrast, under the harassment statute, a person need only determine whether he or she is acting with lawful authority. We believe that the latter determination can be more easily discovered because a person readily should be aware of his or her own authority or lack thereof. Therefore, when the terms lawful authority and lawful order, which on the surface appear similar, are viewed in the context of the statutes in which they appear, the terms are significantly different. *Rice* is inapposite.

Because we hold that the statute in question is not unconstitutionally vague, we affirm Smith's conviction.

REED, C.J., and PETRICH, J., concur.

Review granted by Supreme Court September 1, 1987.