[No. 32103-0-I.   Division One.   March 28, 1994.]

TIMOTHY BAILEY, ET AL, *Respondents,* v. ALLSTATE INSURANCE COMPANY, ET AL, *Appellants.*

*Keith A. Bolton* and *Petersen, Lycette & Snook P.S.,* for appellants.

*James S. Sorrels,* for respondents.

WEBSTER, C.J. — After Timothy Bailey and Vivian Straw were involved in an automobile accident, Allstate, their insurer, refused coverage, contending that their policy had been canceled effective 4 days earlier. The trial court granted partial summary judgment to Bailey and Straw, finding cancellation ineffective because it did not provide the notice required by statute. Allstate appeals, contending that the trial court relied on an incorrect statute. We agree, reverse and remand.

I

Timothy Bailey and Vivian Straw[1] had auto insurance through Allstate since May 1988. Effective November 27, 1990, the policy was canceled for failure to pay the premium. On December 5, 1990, Bailey delivered payment to Kelly McGuire, their insurance agent, for the overdue premium. Bailey believed that Allstate would accept the late payment and treat the policy as continuously in force. However, in mid-December, Allstate returned the full amount of the late payment to Bailey, stating that the policy was canceled as of November 27, 1990.

Upon receipt of the letter, Bailey called McGuire, who said that he would call Allstate to see what could be done. On December 20, 1990, McGuire told Bailey that Allstate would write a new policy on three conditions: (1) that 50 percent of the 6-month premium be paid up front, (2) that the comprehensive deductible be increased, and (3) that both Bailey and Straw have clean driving records. Accord-

---

[1] Respondents Bailey and Straw, husband and wife, are referred to collectively as Bailey.

ing to McGuire, Bailey agreed to the conditions and said that both he and his wife had clean driving records. A binder on a new policy was issued that day. Because this was a new policy, a new application had to be submitted.

Allstate rejected the application because it discovered that Bailey had three moving violations in 1989 that were not disclosed on the application. On January 22, 1991, it sent back the unearned premium and a notice that the new policy would be canceled effective February 12, 1991.

On February 16, 1991, Bailey and Straw were involved in an auto accident with an uninsured driver. They filed for declaratory judgment to determine coverage.

The trial court denied Allstate's summary judgment motion and granted Bailey's partial summary judgment motion, finding that Allstate failed to give 45 days' notice of cancellation as required by applicable statute, RCW 48.18.290.

## II

■ Summary judgment is granted where there are no questions of material fact and one party is entitled to judgment as a matter of law. *Marincovich v. Tarabochia,* 114 Wn.2d 271, 274, 787 P.2d 562 (1990). On review, this court engages in the same inquiry as the trial court. *Marincovich,* 114 Wn.2d at 274.

In this case, there are no disputed facts. The parties agree that the January 22 letter gave 20 but not 45 days' notice, and that the accident occurred between 20 and 45 days after the letter was sent. They also agree that the policy in question provided uninsured motorist coverage and medical payment coverage. The sole issue on appeal is a question of law: What statute governs cancellation of a private passenger auto insurance policy?

The trial court determined RCW 48.18.290 to be controlling. That statute provides, in relevant part:

(1) Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy which does not contain a clearly stated expiration date, may be effected . . . only upon compliance with the following:

(a) Written notice of such cancellation, accompanied by the actual reason therefor, must be actually delivered or mailed to the named insured not less than forty-five days prior to the effective date of the cancellation[.]

The trial court also found that RCW 48.18.291 is not applicable. That statute provides, in relevant part:

(1) No contract of insurance predicated wholly or in part upon the use of a private passenger automobile shall be terminated by cancellation by the insurer until at least twenty days after mailing written notice of cancellation to the name insured[.]

The trial court further concluded that if RCW 48.18.291 were the applicable statute, its requirements had been fulfilled and the cancellation would have been effective.

The trial court based its determination of the applicable statute on the policy's cancellation provision, not on the type of coverage provided: if a policy can be canceled at the company's option, then RCW 48.18.290 is applicable because it covers "any policy which by its terms is cancelable at the option of the insurer". The only policies covered by RCW 48.18.291 are private passenger auto insurance policies which can be canceled for breach of a bargained-for policy term, such as a clean driving record. Because Bailey's policy did not contain a provision stating that Allstate could cancel only in response to a breach, the trial court concluded that RCW 48.18.290 applied.

After reviewing these statutes in light of the general rules of statutory interpretation and legislative history, we hold that RCW 48.18.291 governs notification requirements for the cancellation of all private passenger auto insurance policies. The trial court's conclusion to the contrary is therefore erroneous.

Applying the general principles of statutory construction in interpreting statutes, the court's function is to discover the intent of the Legislature and give effect to that intent. *Stewart Carpet Serv., Inc. v. Contractors Bonding & Ins. Co.*, 105 Wn.2d 353, 358, 715 P.2d 115 (1986). The intent of these two statutes can be determined by reading their plain language: RCW 48.18.291 addresses the cancellation of private

passenger auto insurance by the insurer, and RCW 48.18.290 relates to cancellation of insurance by the insurer in general.[2] There is no reason to believe that the Legislature intended to distinguish private passenger auto insurance policies based on their cancellation clauses. To the contrary, to declare that to have been the Legislature's intent would lead to the strained or absurd results which are to be avoided when interpreting statutes because it would contradict the plain language of the statutes. *See State v. Rhodes*, 58 Wn. App. 913, 919, 795 P.2d 724 (1990).

■ Another general rule of statutory construction gives preference to the later-adopted statute and to the more specific statute if two statutes appear to conflict. *ETCO, Inc. v. Department of Labor & Indus.*, 66 Wn. App. 302, 306, 831 P.2d 1133 (1992). RCW 48.18.290 was enacted in 1947; RCW 48.18.291 was enacted 22 years later, in 1969, and is entitled to preference under this rule.[3] Also, RCW 48.18.291 has always specifically addressed cancellation of private passenger auto insurance while RCW 48.18.290 has always addressed insurance cancellation in general; thus, as the more specific rule, RCW 48.18.291 should prevail.

■ There is also the presumption that the Legislature does not engage in unnecessary or meaningless acts. *State*

---

[2]An insured party's right to cancel is governed by another statute, RCW 48.18.300.

[3]The rule giving preference to the later *adopted* statute should not be construed to automatically give preference to the later *amended* statute. The nature of the amendments and their effects should be considered to avoid strained or inconsistent results. For example, amendments are often made for housekeeping purposes, such as for clarity or to change gender-specific language. Such amendments, even if they are more recent, should not give one statute automatic preference over another if the substance that makes the two statutes apparently conflict is not affected by the amendments. In this case, RCW 48.18.290 was amended more recently than RCW 48.18.291. However, the more recent amendments to RCW 48.18.290 were mostly for clarity and did not affect the types of policies covered by that statute. Laws of 1985, ch. 264, § 17; Laws of 1986, ch. 287, § 1; Laws of 1988, ch. 249, § 2. By contrast, the earlier amendment to RCW 48.18.291 made that statute applicable to policies which, *wholly or in part*, cover private passenger auto insurance (added language italicized). Laws of 1985, ch. 264, § 18. This was a substantive change which indicates an expansion in Legislative intent underlying RCW 48.18.291.

*v. McCullum*, 98 Wn.2d 484, 493, 656 P.2d 1064 (1983). In 1985 the words "wholly or in part" were added to RCW 48.18.291, thus expanding the scope of that statute to cover policies having anything to do with private passenger auto insurance. Laws of 1985, ch. 264, § 18. If the Legislature did indeed intend that RCW 48.18.291 cover only private passenger auto policies with certain cancellation clauses, then its 1985 amendment makes no sense. The logical interpretation of the 1985 amendment is that the Legislature intended a policy's coverage to determine the cancellation requirements. Thus, when it wanted to make more policies subject to RCW 48.18.291's 20-day rule, it broadened the types of policies that fall under that statute.

RCW 48 also contains its own rule for interpretation, expressly providing that provisions relating to a particular kind of insurance prevail over provisions relating to insurance in general. RCW 48.01.150. Thus, by this title's own directive, RCW 48.18.291 should control.

■ Our decision is consistent with a letter issued by the Insurance Commissioner in response to an inquiry about the effect of the 1985 amendments to RCW 48.18.290 and RCW 48.18.291 on combination homeowners auto insurance policies. Deference to agency interpretation of a statute is appropriate when the agency is charged with responsibility for administering that statute. *Multicare Med. Ctr. v. Department of Social & Health Servs.*, 114 Wn.2d 572, 589, 790 P.2d 124 (1990). In 1985 the Legislature simultaneously changed the cancellation notice requirement of RCW 48.18.290 from 20 to 45 days and also added the words "wholly or in part" to RCW 48.18.291. Laws of 1985, ch. 264, §§ 17, 18. Before these amendments, both RCW 48.18.290 and RCW 48.18.291 required 20 days' notice, so there was never any confusion as to how much cancellation notice an insurer had to give. In his letter, the Commissioner advised that combination policies are subject to the 20-day cancellation notice requirement of RCW 48.18.291 because that statute's 1985 amendment makes its provisions applicable to policies involving *any* use of a private auto. Thus, even the home-

owner part of a combination policy is not enough to bring that policy under the 45-day notice requirement of RCW 48.18.290. The Commissioner tacitly determined that the subject of a policy's coverage, not its cancellation provision, dictates the applicable statute, a position which supports our decision.

Reversed and remanded with instructions to enter judgment consistent with this opinion.

SCHOLFIELD and COLEMAN, JJ., concur.