

[No. 17376-0-II.   Division Two.   May 26, 1995.]
THE STATE OF WASHINGTON, *Respondent*, v. STEVEN
JAMES PIERCE, *Appellant*.

*John A. Hays,* for appellant (appointed counsel for appeal).

*James J. Stonier, Prosecuting Attorney,* and *Lisa Elizabeth Tabbut, Deputy,* for respondent.

SEINFELD, C.J. — After a jury found Steven James Pierce guilty of the unlawful manufacture of marihuana, the trial court ordered that he receive an enhanced sentence. On appeal, Pierce claims that the sentence enhancement statute, RCW 69.50.435, does not apply to marihuana offenses. He also argues that his counsel was ineffective. Finding that the Legislature intended that the statute apply to this offense, and that counsel's performance was not deficient, we affirm.

## FACTS

While executing a search warrant at Pierce's residence, the Cowlitz-Wahkiakum Narcotics Task Force discovered a marihuana grow operation inside a padlocked room off the kitchen. Subsequently, the State charged Pierce and his housemate, Laurena Phillips, with the manufacture of a controlled substance within 1,000 feet of a protected zone. Pierce and Phillips married before trial.

At trial, State witnesses described the items found in the padlocked room. Those included 77 live marihuana plants, approximately three weeks old; potting soil; fertilizers; and a halogen light and generator. A State witness further testified that both Pierce and Phillips occupied the home and that its location was within 1,000 feet of a school bus stop.

At the close of the State's case, Phillips' counsel moved to dismiss for failure to present evidence connecting her to the marihuana grow operation. Following the denial of the motion, Pierce took the stand and admitted that he grew the marihuana. Although he acknowledged that Phillips and her minor daughter resided with him, he claimed that Phillips was not involved in the marihuana grow operation.

The jury acquitted Phillips but convicted Pierce. By special verdict, the jury found that Pierce had committed the offense within 1,000 feet of the school bus stop. The trial court then sentenced Pierce to a standard range sentence of 57 months. This included a 24-month enhancement for committing the crime within a protected zone.

I

Pierce assigns error to the trial court's imposition of the 24-month sentence enhancement. In arguing that RCW 69.50.435 does not apply to the manufacture of marihuana, he refers us to the following pertinent part of the statute:

> (a) Any person who violates RCW 69.50.401(a) by manufacturing, selling, delivering, or possessing with the intent to manufacture, sell, or deliver a controlled substance listed under that subsection or who violates RCW 69.50.410 by selling for profit any controlled substance or counterfeit substance classified in schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana to a person in a school or on a school bus or within one thousand feet of a school bus route stop designated by the school district . . . may be punished . . . by imprisonment of up to twice the imprisonment otherwise authorized by this chapter . . ..

Pierce argues that the statutory phrase, "except leaves and flowering tops of marihuana," removes offenses related to marihuana from the enhancement provisions of RCW 69.50.435. In the alternative, Pierce argues that the statute is ambiguous and that the rule of lenity requires that we construe it in his favor.

Our primary objective in construing a statute is to determine and carry out the intent of the Legislature. *State v. Wilbur*, 110 Wn.2d 16, 18, 749 P.2d 1295 (1988). The rule of lenity, which resolves statutory ambiguities in favor of a criminal defendant, operates only where there is no contrary legislative intent. *In re Sietz*, 124 Wn.2d 645, 652, 880 P.2d 34 (1994).

To determine legislative intent, we first look to the language of the statute. If it is plain and unambiguous, we need go no further. *State v. Von Thiele*, 47 Wn. App. 558, 562, 736 P.2d 297, *review denied*, 108 Wn.2d 1029 (1987).

However, where the statute is ambiguous on its face, we review other sources of legislative intent. *State v. Rhodes*, 58 Wn. App. 913, 915-16, 795 P.2d 724 (1990) (*citing* 3 Charles Dallas Sands, *Statutory Construction* § 59.03 (4th ed. rev. 1986)). If, with the aid of these other sources, we still are unable to determine the legislative intent, we apply the rule of lenity. *Sietz*, at 652; *State v. McGee*, 122 Wn.2d 783, 800, 864 P.2d 912 (1993) (Johnson, J., dissenting); *State v. Landon*, 69 Wn. App. 83, 97 n.11, 848 P.2d 724 (1993).

Here, the statute is facially ambiguous in that it is not clear whether the exception for offenses involving the "leaves and flowering tops of marihuana" applies only to violations of RCW 69.50.410, or whether it applies to violations of both RCW 69.50.401 and .410. However, when we scrutinize RCW 69.50.435 in context with RCW 69.50.401 and .410, the legislative intent becomes clear. Thus, the rule of lenity does not apply.

■ RCW 69.50.410 sets forth particularly severe penalties for those selling drugs for profit. However, that statute specifically exempts the selling of "leaves and flowering tops of marihuana". Thus, the sale of marihuana for profit is not punishable under RCW 69.50.410.

When initially adopted, RCW 69.50.435(a) did not impose sentence enhancements for violations of RCW 69.50.410. Nor did it contain a reference to the "leaves and flowering tops of marihuana". In 1991, the Legislature amended RCW 69.50.435(a) by adding the clause "or who violates RCW 69.50.410 by selling for profit any controlled substance . . . except leaves and flowering tops of marihuana". This language was identical to the language found in RCW 69.50.410. Clearly, the purpose of the amendment was simply to describe RCW 69.50.410, and to include violators of that statute among those subject to the enhanced penalties. Upon reading RCW 69.50.401, .410, and .435 together, it is clear that the Legislature did not intend to exclude marihuana offenses that violated RCW 69.50.401 from the enhancement provisions of RCW 69.50.435(a). Thus, the trial court did not err in imposing the sentence enhancement in this case.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the

Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

MORGAN and WIGGINS, JJ., concur.

Review denied at 127 Wn.2d 1025 (1995).