[No. 14957-9-III.  Division Three.  December 4, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. TOBIAS ROBERT STACKHOUSE, *Appellant*.

*Anna K. Nordvedt*, for appellant.

*Thomas A. Metzger, Prosecuting Attorney*, for respondent.

BROWN, J. — Tobias Robert Stackhouse appeals his conviction of murder in the first degree. Mr. Stackhouse, a 17-year-old with no criminal history when the offense was committed, contends the court erred by denying his request for a declination hearing in juvenile court. He also asserts the court violated his right to a speedy trial.

Finally, he contends RCW 13.04.030 (as amended by LAWS OF 1994, 1st Spec. Sess., ch. 7, § 519,) is unconstitutional. We reject each contention and affirm.

## FACTS

On January 11, 1995, 17-year-old Tobias Robert Stackhouse and 21-year-old Jason Victor Kukrall entered the residence of Steven Roscoe with the intent to burglarize. After hearing a vehicle pull into the driveway, Mr. Stackhouse and Mr. Kukrall exited the residence through the rear door. Mr. Roscoe confronted the two men as they were leaving the house. Mr. Stackhouse and Mr. Kukrall, both armed, fired their weapons at Mr. Roscoe. Although Mr. Stackhouse missed, the shot fired by Mr. Kukrall hit Mr. Roscoe in the chest and caused his death. Authorities arrested Mr. Stackhouse and Mr. Kukrall later that day.

On January 13, 1995, Mr. Stackhouse was charged as an adult with first degree murder. He was arraigned in superior court on January 26, 1995. On February 10, 1995, the court denied Mr. Stackhouse's motion for a declination hearing, and rejected the argument that RCW 13.04.030, as amended, is unconstitutional. The court then denied the motion to dismiss for violation of Mr. Stackhouse's right to a speedy trial. On May 24, 1995, after a trial on stipulated facts, the court found him guilty of murder in the first degree, and sentenced him to a prison term of 280 months. Mr. Stackhouse now appeals.

## ANALYSIS

1. Decline Hearing Contentions. Mr. Stackhouse contends the court erred by denying his motion for a decline hearing. He maintains RCW 13.40.110 mandates a declination hearing for juvenile defendants, unless waived by the court, the parties and their counsel. He correctly points to an apparent conflict with the automatic decline provisions of RCW 13.40.030.

Juvenile courts in the State of Washington have ex-

clusive original jurisdiction over defendants under 18 years of age except in certain specified cases. *Monroe v. Soliz*, 132 Wn.2d 414, 419, 939 P.2d 205 (1997). The 1994 amendments to RCW 13.04.030 created the exceptions to juvenile court jurisdiction. The section relevant to this case provides:

> (1) Except as provided in subsection (2) of this section, the juvenile courts in the several counties of this state, shall have exclusive original jurisdiction over all proceedings:
>
> . . . .
>
> (e) Relating to juveniles alleged or found to have committed offenses, traffic infractions, or violations as provided in RCW 13.40.020 through 13.40.230, unless:
>
> . . . .
>
> (iv) The juvenile is sixteen or seventeen years old and the alleged offense is (A) A serious violent offense as defined in RCW 9.94A.030 committed on or after June 13, 1994.

RCW 13.04.030(1)(e)(iv) (as amended by LAWS OF 1994 1st Spec. Sess., ch. 7, § 519). Murder in the first degree is defined as a "serious violent offense" by RCW 9.94A-.030(31)(a). The murder in this case took place on January 11, 1995. Mr. Stackhouse was 17 years old at the time.

Mr. Stackhouse contends, notwithstanding RCW 13.04.030, a declination hearing is mandated by RCW 13.40.110 for juvenile defendants. The relevant provisions of that section state:

> (1) The prosecutor, respondent, or the court on its own motion may, before a hearing on the information on its merits, file a motion requesting the court to transfer the respondent for adult criminal prosecution and the matter shall be set for a hearing on the question of declining jurisdiction. Unless waived by the court, the parties, and their counsel, a decline hearing shall be held when:
>
> (a) The respondent is fifteen, sixteen, or seventeen years of age and the information alleges a class A felony or an attempt, solicitation, or conspiracy to commit a class A felony.

Because the court denied his motion for a declination hearing, Mr. Stackhouse asserts the adult court had no jurisdiction over him. This court, then, must resolve the apparent conflict between RCW 13.40.110, which mandates a declination hearing, and RCW 13.04.030, which vests automatic jurisdiction in the adult court for juveniles aged 16 or 17 and charged with "serious violent offenses."

RCW 13.40.110 became effective in 1978. LAWS OF 1977, 1st Ex. Sess., ch. 291, § 65. The Legislature last amended that section in 1990. LAWS OF 1990, ch. 3, § 303. RCW 13.04.030(1)(e)(iv), however, was amended in 1994. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 519. Following general rules of statutory construction, courts must give preference to the later adopted statute, and to the more specific statute if two statutes appear to conflict. *Bailey v. Allstate Ins. Co.*, 73 Wn. App. 442, 446, 869 P.2d 1110 (1994) (citing *ETCO, Inc. v. Department of Labor & Indus.*, 66 Wn. App. 302, 306, 831 P.2d 1133 (1992)). Moreover, where a statutory amendment is inconsistent with unamended portions of a statute, the amendatory portions control. *State v. Standifer*, 110 Wn.2d 90, 94, 750 P.2d 258 (1988); *Seattle King-County Council of Camp Fire v. Department of Revenue*, 105 Wn.2d 55, 63, 711 P.2d 300 (1985). RCW 13.04.030 is both more recent and more specific than RCW 13.40.110. The provisions of RCW 13.04.030 therefore take precedence. We now examine that section.

Prior to the 1994 amendments to the Basic Juvenile Court Act, juvenile courts had exclusive original jurisdiction over all juveniles. RCW 13.40.110; *See also In re Boot*, 130 Wn.2d 553, 561, 925 P.2d 964 (1996). In 1994, however, the Legislature's amendment to RCW 13.04.030 vested the adult criminal court with exclusive original jurisdiction over juveniles in specific situations. RCW 13.04-.030(1)(e)(iv) reflects the Legislature's intent to bring certain offenses committed by 16- and 17-year-olds under adult court jurisdiction. *Boot*, 130 Wn.2d at 561. Juveniles, therefore, who are 16 or 17 years old, and commit a serious violent offense, have no right to a declination hearing

in juvenile court. Murder in the first degree is a serious violent offense. RCW 9.94A.030(31)(a).

Mr. Stackhouse cites *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed. 2d 84 (1966) as standing for the proposition that, absent a valid waiver, a juvenile may not be tried in adult court. In that case, the Supreme Court reversed the decision of the juvenile court judge of the District of Columbia to waive juvenile court jurisdiction without conferring with the defendant, his parents or counsel. *Id.* at 565. The judge made no findings, and recited no reason for the waiver. *Id.* at 546. The Court then announced eight factors that a juvenile court judge must consider before waiving the juvenile court's jurisdiction. *Id.* at 567. The *Kent* criteria were adopted in *State v. Williams*, 75 Wn.2d 604, 453 P.2d 418 (1969). Mr. Stackhouse contends RCW 13.04.030 violates the court's ruling in *Kent* because a Washington judge need not require any of the eight factors.

Had Mr. Stackhouse committed this offense before the 1994 amendments to RCW 13.04.030, his assertion of a right to a declination hearing and the application of the *Kent* criteria would be correct. The crime, however, took place after June 13, 1994, the effective date of RCW 13.04.030(1)(e)(iv). As a result, Mr. Stackhouse had no right to a declination hearing in juvenile court; the adult criminal court had exclusive original jurisdiction over him. Thus, the court did not err by denying his motion.

2. Due Process Contentions. Mr. Stackhouse argues his right to due process under the Fourteenth Amendment to the United States Constitution is violated by the automatic decline provision of RCW 13.04.030(1)(e)(iv).

██ "[T]here is no constitutional right to be tried in a juvenile court." *Boot*, 130 Wn.2d at 571 (citing *State v. Dixon*, 114 Wn.2d 857, 860, 792 P.2d 137 (1990)). Although juvenile defendants have a right to procedural due process, they do not necessarily have a right to a hearing on juvenile court jurisdiction. *In re Gault*, 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed 2d 527 (1967); *Boot*, 130 Wn.2d at 570.

Juveniles have a right to such a hearing only when courts have statutorily authorized discretion to determine juvenile or adult court jurisdiction. *Kent*, 383 U.S. 541; *Boot*, 130 Wn.2d at 570; *State v. Furman*, 122 Wn.2d 440, 858 P.2d 1092 (1993).

Mr. Stackhouse was claimed to have committed a "serious violent offense" when he was 17 years of age. Under RCW 13.04.030(1)(e)(iv)(A), the court had no discretion to assign juvenile or adult court jurisdiction in this case; the statute mandates adult court jurisdiction. Mr. Stackhouse had neither a constitutional right, nor a statutory right to a declination hearing. The court, therefore, did not deprive Mr. Stackhouse of a constitutionally guaranteed right.

3. Equal Protection Contentions. Mr. Stackhouse next contends the statute violates the equal protection clause of the United States Constitution because no rational basis exists to exclude 15-year-olds from the automatic decline provision.

Mr. Stackhouse also contends the automatic decline provision in RCW 13.04.030 violates the equal protection clause of the United States Constitution by arbitrarily including only 16- and 17-year-olds. Because the intent and purpose of the 1994 amendments, Mr. Stackhouse argues, was to target violence amongst individuals aged 15 through 24, there is no rational basis for excluding 15-year-olds from the automatic decline provision.

██ Juveniles are neither a suspect class nor a semi-suspect class. *Boot*, 130 Wn.2d at 572-73 (citing *State v. Schaaf*, 109 Wn.2d 1, 19, 743 P.2d 240 (1987)). We, therefore, apply the rational relationship test to determine the validity of the challenged statute. This test is " 'the most relaxed and tolerant form of judicial scrutiny under the equal protection clause.' " *Boot*, 130 Wn.2d at 573 (quoting *State v. Shawn P.*, 122 Wn.2d 553, 561, 859 P.2d 1220 (1993)). The statute will be upheld " 'unless it rests on grounds wholly irrelevant to the achievement of a legitimate state objective'." *State v. Smith*, 117 Wn.2d 263, 277, 814

P.2d 652 (1991) (quoting *State v. Phelan*, 100 Wn.2d 508, 512, 671 P.2d 1212 (1983)). Under the rational basis test, a statute is constitutional if (1) the legislation applies alike to all persons within a designated class; (2) reasonable grounds exist for distinguishing between those who fall within the class and those who do not; and (3) the classification has a rational relationship to the purpose of the legislation. *Smith*, 117 Wn.2d at 279; *Forbes v. City of Seattle*, 113 Wn.2d 929, 943, 785 P.2d 431 (1990).

In support of his contention that no rational basis exists to support age 16 as the cutoff for automatic decline in juvenile court, Mr. Stackhouse cites the Legislature's finding that "Youth violence is increasing at an alarming rate and young people between the ages of fifteen and twenty-four are at the highest risk of being perpetrators and victims of violence." LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101. As pointed out by the Supreme Court of this state, however, this is exactly the type of distinction which the Legislature is empowered to make. *Boot*, 130 Wn.2d at 573. The Legislature decided to further its goal to "increase the severity and certainty of punishment for youth and adults who commit violent acts" by trying 16- and 17-year-olds who are accused of certain offenses as adults. LAWS OF 1994, 1st Spec. Sess., ch. 7, § 101. Although the Legislature found that 15-year-olds are part of a group in which violent crime is on the rise, that finding in no way restricts their proposed solution to the problem. The Legislature apparently believed individuals under 16 years of age are too young to automatically try as adults. Because the automatic decline provision applies to all 16- and 17-year-olds who commit "serious violent offenses," and reasonable grounds exist to exclude 15-year-olds from that provision, there is a rational basis for RCW 13.04.030(1)(e)(iv).

4. Speedy Trial Contentions. The issue presented is whether the commencement of Mr. Stackhouse's trial, 53 days after his arraignment, violated his right to a speedy trial. Mr. Stackhouse contends the lapse of 53 days

violated JuCR 7.8, which requires adjudication within 30 days from arraignment for juveniles in detention.

JuCR 7.8(b) provides the following time limits for adjudicatory hearings in juvenile court:

> The adjudicatory hearing on a juvenile offense shall begin within 60 days following the juvenile's arraignment in juvenile court on the charges contained in the information. If the alleged juvenile offender is held in detention pending the adjudicatory hearing and would be at liberty but for the current charges, the hearing shall begin within 30 days following the juvenile's arraignment in juvenile court on the charges contained in the information.

The corresponding rule in adult court requires trial within 90 days of arraignment when not in custody, or 60 days when in custody. CrR 3.3(c)(1). The shorter juvenile speedy trial rule promotes the juvenile justice system's goal of prompt adjudication. *State v. Chavez*, 111 Wn.2d 548, 555, 761 P.2d 607 (1988).

▮▮▮▮ This court must determine: (1) which court rules apply, juvenile or adult, and (2) determine Mr. Stackhouse's speedy trial rights. The court in *Boot* stated, "once an adult court exercises jurisdiction over a youthful offender, the juvenile court no longer has jurisdiction over that youth." *Boot*, 130 Wn.2d at 563. Having determined the adult court had exclusive original jurisdiction over Mr. Stackhouse, logic dictates that the juvenile court rules did not apply to him.

▮▮▮▮ Mr. Stackhouse was arraigned in Pend Oreille County Superior Court on January 26, 1995. The court then set trial for March 20, 1995, 53 days after the arraignment. On March 15, 1995, the court denied Mr. Stackhouse's motion to dismiss due to violation of the juvenile speedy trial rule. On March 24, 1995, Mr. Stackhouse was sentenced pursuant to a finding of guilty on stipulated facts. For speedy trial purposes, a trial begins when the court calls the case for trial and hears preliminary motions. *State v. Carson*, 128 Wn.2d 805, 820, 912

P.2d 1016 (1996). From the record, it appears the "trial" was held on March 24, 1997, 57 days from arraignment. This was within the 60-day time limit set by CrR 3.3(c)(1). The court did not violate Mr. Stackhouse's right to a speedy trial.

## CONCLUSION

The conflict between RCW 13.40.110 and RCW 13.40.030 is resolved by applying rules of statutory construction supporting the validity of the automatic decline provisions of RCW 13.04.030(1)(e)(iv). The due process, equal protection, and speedy trial contentions are without merit. We affirm.

SCHULTHEIS, A.C.J., and KURTZ, J., concur.