[No. 44905.    En Banc.    October 6, 1977.]

*In the Matter of the Welfare of*
JOHN HAROLD LEWIS.

*McGillin & Guykema,* by *Kathryn Guykema,* for petitioner.

*Don Herron, Prosecuting Attorney,* and *Donald G. Meath, Deputy,* for respondent.

PER CURIAM.—This is a companion case to *In re Lewis,* 88 Wn.2d 556, 564 P.2d 328 (1977). There we held that an indigent minor charged with committing a crime has the constitutional right to appointed counsel and expenditure of public funds for the purpose of appellate review of an order of the juvenile court transferring his case to the prosecuting attorney for adult prosecution. In this appeal, we consider whether language in that departmental opinion indicating such an appeal is one of right under RAP 2.2(a)(3) should be modified to hold the appeal to be one subject to discretionary review under RAP 2.3(a) and (b). The latter rule provides for review if the superior court has committed an obvious error, RAP 2.3(b)(1); committed probable error which substantially alters the status quo, RAP 2.3(b)(2); or "has so far departed from the accepted and usual course of judicial proceedings . . . as to call for review by the appellate court." RAP 2.3(b)(3). We hold review is discretionary rather than a matter of right and affirm the order of the Court of Appeals which denied review of the juvenile court order transferring jurisdiction in this case on the basis of a failure to demonstrate such a manifest abuse of discretion as to constitute "probable error."

■ The dilemma facing courts deciding whether direct appeal as a matter of right or discretionary review is to be available following the transfer hearing decision is well described in Note, *Review of Improper Juvenile Transfer Hearings,* 60 Va. L. Rev. 818, 837 (1974).

Whether the transfer order falls within the category of a final order or an otherwise appealable decree, however, remains a difficult question of interpretation. The fact that the certification issue may be reviewed at the conclusion of the subsequent trial has apparently persuaded a number of courts to find that the order lacks the requisite finality and therefore may not be immediately appealed. But courts of other jurisdictions, recognizing the great significance of the transfer decision, have held the decision appealable.

(Footnotes omitted.) We agree with those courts holding the fact that the certification may be reviewed at the conclusion of the adult criminal trial deprives the order of the needed finality to establish a right to appeal and hold neither the language of RAP 2.2(a)(1) or (3)[1] encompasses a transfer hearing. RAP 2.2(a)(5) and (6)[2] recognize explicitly those stages in juvenile proceedings where we have indicated appeal as a matter of right will lie. Our failure to mention transfer proceedings indicates we did not intend to grant such a right to appeal.

---

[1] RAP 2.2(a)(1) and (3) read as follows:

"(a). . . Except as provided in section (b), a party may appeal from only the following superior court decisions:

"(1) *Final Judgment.* The final judgment entered in any action or proceeding, except a final decree of adoption."

"(3) *Decision Determining Action.* Any written decision affecting a substantial right in a civil case which in effect determines the action and prevents a final judgment or discontinues the action."

[2] RAP 2.2(a)(5) and (6) read as follows:

"(a). . . Except as provided in section (b), a party may appeal from only the following superior court decisions:

"(5) *Determination of Dependency or Delinquency.* A determination of dependency or delinquency in a juvenile court proceeding."

"(6) *Deprivation of All Parental Rights.* A decision depriving a person of all parental rights with respect to a child."

In *In re Harbert*, 85 Wn.2d 719, 538 P.2d 1212 (1975), we reaffirmed the principle that exercise of the court's discretion in transfer of jurisdiction cases is tightly circumscribed, not only by the eight criteria in *Kent v. United States*, 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966), but also by additional considerations relating to responsible exercise of discretion and the necessity to provide procedural due process.

An examination of the record in this case discloses no abuse of discretion and no lack of due process. The court, after a hearing at which testimony was taken from several witnesses, found as factors mandating declination: the fact that adults were involved with the juvenile; his sophistication, maturity, environmental situation and patterns of living; his previous contact with law enforcement agencies and the court's judgment that there were no beneficial resources available; as well as the sufficiency of the evidence of the crimes charged to support an adult prosecution. There was additional testimony in the record indicating the juvenile had previously been committed to the Department of Social and Health Services and had been discharged from probation, which also supported the decision of the court. We conclude this record adequately supports the juvenile court's decision to transfer the case and the Court of Appeals conclusion that no "probable error" sufficient to invoke discretionary review had been shown.

The decision of the Court of Appeals is affirmed.

UTTER, J. (dissenting)—I adhere to my views expressed in *In re Lewis*, 88 Wn.2d 556, 561–62, 564 P.2d 328 (1977), in which a departmental opinion of this court indicated:

An order transferring a juvenile for criminal trial as an adult has been recognized by our court to be an action which is subject to direct appeal. . . . As a final order extinguishing the "civil" aspects of a juvenile delinquency proceeding, it is subject to appeal as a matter of right under our present court rules. RAP 2.2(a)(3). Moreover, our decisions and commentators have recognized that failure to allow direct appeal of the transfer

decision will often frustrate the purposes of the transfer proceedings. Delay in appealing the transfer decision until final disposition of criminal charges often leads to a situation in which, due to passage of time, there is no effective means of reconstructing the circumstances which existed at the time of the transfer decision or, if the defendant by that time has passed the age of majority and is thus no longer subject to juvenile court jurisdiction, no means by which he or she may obtain the benefits of juvenile court jurisdiction even if it is determined that the transfer was wrongful. *See McRae v. State,* 88 Wn.2d 307, 559 P.2d 563 (1977); *State v. Williams,* 75 Wn.2d 604, 453 P.2d 418 (1969); Note, *Review of Improper Juvenile Transfer Hearings,* 60 Va. L. Rev. 818 (1974).

Declination orders are within the purview of RAP 2.2(a)(3) and direct appeal as a matter of right should be available in these circumstances.

The fact that a juvenile court judge's determination to transfer jurisdiction often involves the exercise of discretion certainly does not compel the conclusion that review of such a decision should be discretionary. Many of the lower court rulings which this court reviews as a matter of right under RAP 2.2(a) involve matters of judicial discretion. Moreover, the eight criteria governing the exercise of discretion to decline juvenile jurisdiction, originally enumerated in *Kent v. United States,* 383 U.S. 541, 16 L. Ed. 2d 84, 86 S. Ct. 1045 (1966), have been held by this court to represent standards for the exercise of discretion sufficient to allow the declination statute to withstand a vagueness challenge. *In re Harbert,* 85 Wn.2d 719, 538 P.2d 1212 (1975). It is these standards which give life to the constitutional requirement of due process in this particular setting.

As was pointed out in the prior opinion in this case, the failure to protect these fundamental substantive and procedural rights through direct access to the appellate courts as a matter of right will often result in their loss through nothing more than the passage of time. The United States Supreme Court characterized the declination decision as one both "critically important" and having "tremendous

consequences" for the juvenile affected by the proceedings. *Kent v. United States, supra* at 553, 554. There is nothing in the post–*Kent* decisions of this state which would suggest this court attaches a lesser importance to it. The fundamental change of status which results from a decision to transfer a juvenile is similar to an order of incompetency, a determination of dependency, or an order depriving all parental rights—each of which may be appealed as a matter of right under our court rules. *See* RAP 2.2(a).

Given the enormous potential impact of this determination and the existence of clear constitutional standards by which the appellate courts may review the determination of the juvenile court, I conclude that juveniles are entitled to the added protection afforded by the availability of appeal as a matter of right and therefore dissent.

HOROWITZ, J., concurs with UTTER, J.