[Nos. 17106-6-II; 17118-0-II; 17784-6-II.     Division Two.     August 8, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL RYAN PRITCHARD, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID M. COBABE, *Appellant*.

*In the Matter of the Personal Restraint Petition of* DAVID M. COBABE, *Petitioner*.

*James L. Reese III*, for appellant Pritchard (appointed counsel for appeal).

*Leisa A. Solt-Wolf* and *Rovang & Associates*, for appellant Cobabe (appointed counsel for appeal).

*David M. Cobabe*, pro se, for petitioner Cobabe.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for respondent.

BRIDGEWATER, J. — In linked appeals, David M. Cobabe and Michael Ryan Pritchard appeal the juvenile court's declination of juvenile jurisdiction. Cobabe and Pritchard's appeal follow their guilty pleas in adult criminal court to first degree burglary, first degree assault, and attempted first degree murder. We hold that the declination of juvenile jurisdiction is appealable as a matter of right after a plea of guilty and that declination was appropriate in each case. We affirm.

On the evening of December 29, 1992, the defendants and some other youths broke into the home of Joan Flinn, a mentally ill woman. Both Cobabe, age seventeen, and Pritchard, age fourteen, had consumed alcohol earlier in the evening. The defendants woke Flinn, viciously beat her, and damaged her home. The youths repeatedly left and then returned to Flinn's residence in order to further beat her and damage her home.

After briefly leaving to buy cigarettes, the defendants returned to the Flinn home once again and unsuccessfully attempted to kill her by smothering her with a pillow. Flinn suffered severe neurological injuries as a result of the beating. Sheriffs arrested both defendants shortly after the incident, and the defendants confessed to the crimes.

The State notified all parties that it intended to seek a decline of juvenile jurisdiction for both defendants, and the juvenile court held a declination hearing. Both Barbara White Davis, a mental health counselor, and Dr. Richard G. Peterson, a psychologist, recommended that Pritchard remain in the juvenile justice system. In regard to Cobabe, Dr. Peterson testified that Cobabe needed treatment for drug and alcohol abuse as well as for posttraumatic stress disorder, treatment that would be available and be successful only in the juvenile system. Although Ms. White similarly concluded that Cobabe needed counseling, she did not recommend whether such counseling should occur in the juvenile or adult system.

Conversely, Juvenile Court Services Officer James F. Briganti recommended that juvenile jurisdiction over Cobabe be denied. C. Kay Newton, another Juvenile Court Services Officer, similarly recommended that juvenile jurisdiction over Pritchard be denied.

The court found that for both Cobabe and Pritchard, the risk to public safety far outweighed the marginal chance for rehabilitation. The court waived juvenile jurisdiction over both defendants and transferred them to superior court for prosecution as adults.

In adult criminal court, the defendants and the State

entered into plea agreements. Cobabe pleaded guilty to first degree burglary, first degree assault, and attempted first degree murder. Pritchard pleaded guilty to two counts of first degree burglary, first degree assault, and attempted first degree murder.

Cobabe and Pritchard then appealed to this court, arguing the juvenile court erred in declining jurisdiction. Cobabe also filed a personal restraint petition, which was consolidated with his appeal. Following a motion by the clerk of this court to determine whether the cases were appealable, a Court of Appeals commissioner ruled that the judgments and sentences were not appealable and dismissed both appeals in August 1993. But shortly after, this court granted the defendants' motions to modify the commissioner's rulings. Cobabe and Pritchard, who raise basically identical issues, request that this court reverse the juvenile court's decline order and allow them to enter their guilty pleas in juvenile court.

## I

■ The State initially challenges the appealability of both cases, arguing that juveniles waive their right to appeal an order declining juvenile jurisdiction by entering a guilty plea in adult criminal court. Ordinarily, a plea of guilty constitutes a waiver by the defendant of his right to appeal.[1] But a guilty plea in Washington does not preclude a defendant from raising collateral questions such as the jurisdiction of the court.[2]

■ The appropriateness of the declination is appealable as a matter of right, even after a plea of guilty, because it raises a question of jurisdiction. We reaffirm and follow precedent despite the passage of the Juvenile Justice Act of 1977 (the Act). In essence, we hold that the Act does not alter the nature of juvenile court jurisdiction and declination of that jurisdiction by transfer orders. Thus, prior precedent, which allowed such appeals, is still applicable.

[1]*State v. Majors*, 94 Wn.2d 354, 356, 616 P.2d 1237 (1980).

[2]*Majors*, 94 Wn.2d at 356.

Initially, we must address the parties' confusion surrounding *Dillenburg v. Maxwell*,[3] in which the court explained the "jurisdiction" of superior court and its relationship to juvenile matters. It noted that Article IV, §§ 5 and 6 of the Washington Constitution furnish the superior courts with general jurisdiction over all proceedings in which jurisdiction was not exclusively vested by law in some other forum or court. At that time, RCW 13.04.030 denoted juvenile court as a "session" of superior court. *Dillenburg* held that the Legislature did not intend to establish a juvenile court that was separate and distinct from superior court; that a juvenile court did not subtract from the superior court's general jurisdiction; and that there was not a vesting of exclusive jurisdiction in any forum or court other than superior court.[4] Rather, the statute and the constitutional provisions merely "distribute and assign a phase of the business of the superior court" and "prescribe the mode of procedure by which the superior court shall initiate, process and apply the remedies made available" for children.[5]

■ When the Legislature passed the Juvenile Justice Act in 1977, it also passed RCW 13.04.021(1), which provided that "[t]he juvenile court shall be a *division* of the superior court." (Emphasis added.) We hold that the change of the term "session" to "division" is a distinction without a difference. The Legislature has not subtracted from the superior court's general jurisdiction and has not vested exclusive jurisdiction in any other court—the juvenile court is still a part of superior court.

■ We next address the issue of when the transfer order may be challenged. Again, we turn to precedent. *In re*

---

[3]70 Wn.2d 331, 413 P.2d 940 (1966), *modified*, 70 Wn.2d 349, 422 P.2d 783, *cert. denied*, 386 U.S. 998 (1967).

[4]*Dillenburg*, 70 Wn.2d at 352.

[5]*Dillenburg*, 70 Wn.2d at 352-53.

*Lewis*,[6] held that when a juvenile court enters a transfer order, the decision is not appealable as a matter of right but is a matter for discretionary review only. Appeal as a matter of right is reserved until the conclusion of the adult criminal matter.[7] The reasoning of *Lewis* is still persuasive, and the provisions of the Rules of Appellate Procedure remain essentially the same in this regard. RAP 2.2(a)(1), (3), (5), and (6) reveal no wording changes to alter *Lewis*. Thus, an appeal as a matter of right exists postconviction.

Here, Cobabe and Pritchard challenge the jurisdiction of the adult superior court, and their cases are therefore appealable. RCW 13.04.030, which was amended in 1977,[8] provides:

> (1) Except as provided in subsection (2) of this section, the *juvenile courts* in the several counties of this state, shall have *exclusive original jurisdiction* over all proceedings:
>
> . . . .
>
> (e) Relating to juveniles alleged or found to have committed offenses, traffic infractions, or violations as provided in RCW 13.40.020 through 13.40.230, unless:
>
> (i) The juvenile court *transfers jurisdiction* of a particular juvenile to *adult criminal court* pursuant to *RCW 13.40.110*; . . .[9]

"Jurisdiction" means the *power to hear and determine a controversy*, regardless of whether the ruling made in the particular case is correct or incorrect.[10] In order to acquire complete jurisdiction, so as to be authorized to hear and determine a cause or proceeding, the court necessarily must have jurisdiction of the parties and of the subject

---

[6]89 Wn.2d 113, 115, 569 P.2d 1158 (1977).

[7]*Lewis,* 89 Wn.2d at 115.

[8]*See* Laws of 1977, 1st Ex. Sess., ch 291, § 4.

[9]RCW 13.04.030(1)(e)(i) (emphasis added).

[10]*State ex rel. New York Casualty Co. v. Superior Court for King County,* 31 Wn.2d 834, 839, 199 P.2d 581 (1948).

matter involved.[11] When a juvenile court surrenders jurisdiction, the court "grants to prosecuting officials the 'authority to proceed,' in an appropriate case, with the criminal prosecution of a child under 18 years of age."[12]

Because the superior court division called "juvenile" courts has *"exclusive original jurisdiction"* under RCW 13.04.030(1), initially juvenile courts *alone* have the power to hear and determine cases involving juvenile offenses. Only when the juvenile court properly "transfers jurisdiction"—i.e., transfers the *power* to hear and determine controversies involving juveniles—does the adult criminal court then acquire jurisdiction to hear juvenile cases.[13] Conversely, if a juvenile court erroneously declines jurisdiction, an adult criminal court lacks jurisdiction to enter judgment and sentence them.

Here, if the juvenile court improperly declined and transferred jurisdiction, then the adult criminal court lacked jurisdiction. Thus, Cobabe and Pritchard are challenging jurisdiction, and their cases are appealable as a matter of right, even after a plea of guilty.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WIGGINS and FLEISHER, JJ., concur.

Review granted for defendant Cobabe at 128 Wn.2d 1016 (1996).

Review denied for defendant Pritchard at 128 Wn.2d 1017 (1996).

---

[11]*New York Casualty Co.*, 31 Wn.2d at 839.

[12]*Dillenburg*, 70 Wn.2d at 353.

[13]RCW 13.04.030(1)(e)(i) and 13.40.110(2).