949 P.2d 818 (1998)
134 Wash.2d 309
The STATE of Washington, Respondent,
v.
Christopher KELLS, Petitioner.
No. 64649-0.
Supreme Court of Washington, En Banc.
Argued September 17, 1997.
Decided January 22, 1998.
*819 James Egan, Kennewick, for petitioner.
Steven M. Lowe, Franklin County Prosecutor, Paige Sully, Deputy County Prosecutor, Pasco, for respondent.
DURHAM, Chief Justice.
Christopher Kells seeks review of the Court of Appeals' decision dismissing his criminal appeal. At issue is whether an untimely appeal of a declination order transferring a juvenile defendant to superior court may be dismissed, even though the defendant was not informed of his right to appeal the order. We hold that the Superior Court Criminal Rules do not require the State to inform Kells of his right to appeal the declination order, but that the State still has the burden to show that Kells voluntarily, knowingly, and intelligently waived this right before his appeal may be dismissed. Accordingly, we reverse the dismissal and remand for a hearing to determine if Kells made a voluntary, knowing, and intelligent waiver of his right to appeal.

FACTS
On February 26, 1994, Kells shot and killed his friend. At the time of the killing, Kells was 15 years old. Kells was brought before the Commissioner of the Juvenile Division of the Franklin County Superior Court, who entered an order declining juvenile jurisdiction over the case. Kells filed a motion for revision of the Commissioner's decision in Superior Court under RCW 2.24.050. The Commissioner's decision was affirmed.
On January 25, 1995, Kells pleaded guilty to second degree murder in Superior Court. Kells signed a plea form acknowledging that by entering a plea he waived various rights, including the right to appeal a determination of guilt after trial. The court did not inform Kells that he retained his right to appeal the order of declination. Kells was sentenced on March 7, 1995.
On June 8, 1996, nearly 15 months after his sentencing, Kells filed a notice of appeal of the declination order in the Court of Appeals. His attorney also filed a memorandum in support of the notice, stating that he had been unaware that a declination order could be appealed after a guilty plea until he discovered State v. Pritchard, 79 Wash.App. 14, 900 P.2d 560 (1995) (appeal as a matter of right exists to challenge a declination order even after a guilty plea). The Court of Appeals dismissed the notice of appeal as untimely pursuant to RAP 18.8(b).

ISSUES
Does CrR 7.2(b) require the State to advise a defendant of his right to appeal a declination order after a plea of guilty? And, if not, did the Court of Appeals err in dismissing Kells' appeal as untimely absent the State's showing that the Defendant made a voluntary, knowing, and intelligent waiver of his right to appeal?

ANALYSIS
CrR 7.2(b) requires in part:
The court shall, immediately after sentencing, advise the defendant: (1) of the right to appeal the conviction; ... [and] (3) that unless a notice of appeal is filed *820 within 30 days after the entry of the judgment or order appealed from, the right to appeal is irrevocably waived....
Kells argues that, under CrR 7.2(b), the State should have informed him of his right to appeal the declination order at the time of his sentencing. Kells' confusion stems in part from a misunderstanding of the nature of his appeal right.
We have previously held that the validity of a declination order affects the authority of the superior court to enter judgment over a minor,[1] and that a defendant may appeal a declination order as a matter of right after a superior court conviction.[2] These principles converge in State v. Pritchard, 79 Wash.App. 14, 900 P.2d 560 (1995), which holds that, although a guilty plea cuts off a defendant's right to appeal a determination of guilt, a guilty plea does not terminate the right to appeal the declination order.[3] Kells now attempts to bootstrap the requirements of CrR 7.2(b) onto this unique right of appeal. CrR 7.2(b) requires the court to advise a defendant of his right to directly appeal his conviction; it does not require the court to advise a defendant that he may collaterally attack the conviction by exercising his right to directly appeal the underlying declination order transferring him to superior court.
Although CrR 7.2(b) does not require the State to inform Kells of his right to appeal, an involuntary forfeiture of the right to a criminal appeal is never valid. We now reiterate our recent holding in State v. Tomal, 133 Wash.2d 985, 948 P.2d 833 (1997) that a criminal appeal may not be dismissed as untimely unless the State demonstrates that the defendant voluntarily, knowingly, and intelligently abandoned his appeal right.
The Court of Appeals dismissed Kells' untimely appeal pursuant to RAP 18.8(b) which provides, in part:
The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal.... The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section.
Despite this strong language, this court made clear in State v. Sweet, 90 Wash.2d 282, 581 P.2d 579 (1978) that the strict application of filing deadlines must be balanced against a defendant's state constitutional right to appeal. Sweet is based on the principle that in criminal prosecutions all defendants have a constitutional right to appeal, and there can be no presumption in favor of waiver of a constitutional right. Sweet establishes that the State has the burden to demonstrate a defendant understood his right to appeal and consciously gave up that right before a notice of appeal may be dismissed as untimely.[4]
The Commissioner's order of declination moved Kells out of the civil juvenile court and into the criminal adult system. Although it is not itself a criminal prosecution, the decline decision is a necessary prerequisite to the criminal conviction of a juvenile. We, therefore, hold that Sweet controls a criminal defendant's right to directly appeal his declination order after a final judgment in superior court, and thus the State must demonstrate that Kells made a voluntary, knowing, and intelligent waiver of this appeal right.
The State argues that Kells must have known of his right to appeal the declination order after his guilty plea, because he sought revision of the Commissioner's ruling pursuant to RCW 2.24.050.[5] This statute *821 permits superior court review of any decision by a court commissioner. The statutory right to seek review of a Commissioner's decision, however, is independent of the right to appeal a declination order. Therefore, Kells' attempt to modify the Commissioner's decision merely demonstrates that he was aware of his statutory right to challenge a Commissioner's decision. It has no bearing on the question of whether Kells was aware of his right to appeal the declination order.
Sweet requires that the State make some affirmative showing the Defendant understood his right to appeal and chose not to exercise it.[6] The State's response in this case was entirely inadequate to demonstrate that Kells voluntarily, knowingly, and intelligently waived his right to appeal. Thus, the State has failed its burden under Sweet.

CONCLUSION
The trial court was not required under CrR 7.2(b) to inform Kells of his right to appeal a decline order; however, Sweet requires that the State demonstrate that Kells made a voluntary, knowing, and intelligent waiver of his right to appeal his declination order before an appeal may be dismissed as untimely under RAP 18.8(b). The Court of Appeals apparently never made a Sweet analysis before it dismissed Kells' appeal. We accordingly reverse and remand for a hearing on whether Kells voluntarily, knowingly, and intelligently waived his right to appeal the declination order.
DOLLIVER, SMITH, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] In re Writ of Habeas Corpus of Dillenburg, 70 Wash.2d 331, 413 P.2d 940 (1966), modified, 70 Wash.2d 331, 422 P.2d 783, cert. denied, 386 U.S. 998, 87 S.Ct. 1320, 18 L.Ed.2d 348 (1967).
[2] In re the Welfare of Lewis, 89 Wash.2d 113, 569 P.2d 1158 (1977).
[3] State v. Pritchard, 79 Wash.App. 14, 19, 900 P.2d 560 (1995). Neither party has attacked the validity of the holding in Pritchard. Therefore, we assume without deciding that a defendant has the right to appeal an order of declination after a guilty plea in superior court.
[4] State v. Sweet, 90 Wash.2d 282, 287, 581 P.2d 579 (1978).
[5] RCW 2.24.050 provides, in part: "All of the acts and proceedings of court commissioners hereunder shall be subject to revision by the superior court. Any party in interest may have such revision upon demand made by written motion, filed with the clerk of the superior court, within ten days after the entry of any order or judgment of the court commissioner."
[6] Sweet, 90 Wash.2d at 287, 581 P.2d 579.