2016 FEB -8 A II: 3.



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Dependency of A.L.F., dob 09/22/2005, and C.R.F., dob 09/22/2005, <br><br> Minor children. <br><br> STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES, <br><br> Respondent, <br><br> v. <br><br> FLOYD ALAN FOX, <br><br> Appellant. | No. 72498-3-I <br> (Consolidated with No. 72499-1-I) <br><br><br><br> PUBLISHED OPINION <br><br><br><br><br><br> FILED: February 8, 2016 |

SCHINDLER, J. — When a criminal defendant files a motion to enlarge time under RAP 18.8(b) to file an untimely appeal of a conviction, the State must establish the defendant made a voluntary, knowing, and intelligent waiver of his state constitutional right to appeal. Because a parent does not have a constitutional right to appeal, we hold the standard that applies to the appeal of a criminal conviction does not apply to a parent's motion to enlarge the time under RAP 18.8(b) to file an untimely appeal of a dependency and disposition order. And because Floyd Alan Fox fails to show extraordinary circumstances justify an extension of time under RAP 18.8(b), we deny

his motion to enlarge time to file an untimely appeal of the dependency and disposition order, and dismiss the appeal.

Floyd Fox and Tonya Gilchrist married. In 2005, they were living in Oregon. On September 22, 2005, Gilchrist gave birth to twin girls A.L.F. and C.R.F. In 2007, an Oregon court entered a decree of dissolution of the marriage. The court awarded Fox "full custody" of the children.

In 2012, Fox married Kathy Brown. In April 2013, Brown took the children to California. Brown obtained an order from a California court prohibiting Fox from contacting her or the children.

In October 2013, Brown and the children were living in Auburn, Washington. On October 22, Auburn Police Department Officer Goethals arrested Brown on an outstanding felony warrant for failure to register as a sex offender. Officer Goethals placed the children in protective custody with the Washington State Department of Social and Health Services (Department).

On October 23, the Department filed a dependency petition. The petition identifies Floyd Fox and Tonya Gilchrist as the biological parents of A.L.F. and C.R.F. The petition states the "children's biological parent's [sic] whereabouts are currently unknown and information to suggest that they are able or willing to parent their children is not known at this time and needs to be further investigated."

On October 24, the court held a shelter care hearing. Fox was represented by counsel and appeared by phone. The court found A.L.F. and C.R.F. "had no parent, guardian, or legal custodian to provide supervision or care" and "release of the child[ren] would present a serious threat of substantial harm to the child[ren]." The court placed

A.L.F. and C.R.F. in foster care. The court scheduled a fact-finding hearing on the dependency petition for January 8, 2014.

On December 13, the Department filed an amended dependency petition. The amended petition alleged Fox neglected the children, engaged in physical and sexual abuse of the children, exposed the children to pornography, exposed the children to domestic violence, and engaged in alcohol abuse. The court continued the dependency fact-finding hearing to June 4, 2014.

On March 27, 2014, the court entered an order of dependency by default as to the mother Tonya Gilchrist.

Fox did not appear at the June 4 dependency fact-finding hearing "either in-person or by telephone." The court continued the fact-finding hearing to Monday, June 9, at 1:00 p.m., and ordered Fox to appear in person to testify.

Fox did not appear at the fact-finding hearing on June 9. During the three-day hearing, the social worker, the children's therapists, and the court-appointed special advocate testified. The court admitted into evidence a number of exhibits.

On June 18, the court entered extensive and detailed "Findings of Fact, Conclusions of Law and Order of Dependency and Disposition as to the Father, Floyd Alan Fox." The court found Fox engaged in "negligent treatment or maltreatment of the children," a pattern of neglect and failure to protect, and substance abuse that put the children's health, safety, and welfare at risk. The court found the children "suffered trauma, chaotic lifestyle and neglect which already damaged their psychological and physical development." The findings of fact state, in pertinent part:

> [A.L.F.] was sexually abused by her father and both [A.L.F.] and [C.R.F.] were exposed to inappropriate sexual situations by their father. Their

3

father engaged in negligent treatment or maltreatment of the children and showed a pattern of neglect of [A.L.F.] and [C.R.F.] by failing to protect them from a sex offender, failing to protect them from exposure to pornographic material, exposure to the father masturbating, exposure to the father naked, observing or hearing their stepmother being raped and exposure to domestic violence.

The father has shown a pattern of substance abuse that put the children's health, safety and welfare at risk. The father's intoxication around his children has impaired his ability to function, make appropriate parental judgments and he is not capable of adequately caring for [A.L.F.] and [C.R.F.] [A.L.F.] and [C.R.F.] suffered trauma, chaotic lifestyle and neglect which already damaged their psychological and physical development. Neither one of them had control of their own basic bodily functions.

The court concluded the Department met its burden of establishing the dependency of A.L.F. and C.R.F. Specifically, the court found the children were abused or neglected under RCW 13.34.030(6)(b); and had "no parent capable of adequately caring for them, such that the children are in circumstances which constitute a danger of substantial damage to the children's psychological or physical development," under RCW 13.34.030(6)(c). The court concluded, "It is currently contrary to the children's welfare to return home." In the order of disposition, the court ordered Fox to obtain a drug and alcohol evaluation, a sexual deviancy evaluation, a domestic violence and parenting assessment, and follow treatment recommendations.

The attorney representing Fox notified him that the dependency and disposition order had been entered on June 18 and the deadline to file an appeal was July 18, 2014. The attorney sent Fox directions for filing an appeal of the dependency and disposition order and a declaration of indigency.

On August 26, the trial attorney filed an untimely notice of appeal of the dependency and disposition order and a motion to enlarge the time to file the untimely notice of appeal under RAP 18.8(b). The motion to enlarge time to file the appeal was

4

"based upon the attached declaration of [trial] counsel." In the declaration, trial counsel states she "exercised due diligence" in informing Fox of the entry of the dependency and disposition order and his right to appeal. The attorney states she "calculated the deadline for filing an appeal on behalf of Mr. Fox as the 18th of July, 2014," and "sent to Mr. Fox specific direction to appeal and the declaration of indigency which Mr. Fox would need to complete in order for me to file an appeal on his behalf." The attorney states that after the appeal deadline, Fox said he "wanted to file an appeal." On August 6, Fox sent the attorney "Specific Direction to Appeal" and the declaration of indigency.

The Department opposed the motion to enlarge time to file an untimely notice of appeal under RAP 18.8(b). The Department argued no extraordinary circumstances justified granting the motion.

In reply, appellate counsel argued the court could not dismiss the motion to enlarge time under RAP 18.8(b) unless the Department established Fox voluntarily, knowingly, and intelligently waived his right to appeal the dependency and disposition order.

A notice of appeal must be filed in the trial court within 30 days of entry of the decision. RAP 5.2(a). RAP 5.2(a) states:

> **Notice of Appeal.** Except as provided in rules 3.2(e) and 5.2(d) and (f), a notice of appeal must be filed in the trial court within the longer of (1) 30 days after the entry of the decision of the trial court that the party filing the notice wants reviewed, or (2) the time provided in section (e).

RAP 18.8(b) provides an exception to the filing requirement. RAP 18.8(b) allows the appellate court to enlarge the time to file a notice of appeal "only in extraordinary

circumstances and to prevent a gross miscarriage of justice." RAP 18.8(b) states:

> **Restriction on Extension of Time**. The appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal, a notice for discretionary review, a motion for discretionary review of a decision of the Court of Appeals, a petition for review, or a motion for reconsideration. The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section. The motion to extend time is determined by the appellate court to which the untimely notice, motion or petition is directed.

As a general rule, "the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time." RAP 18.8(b); Shumway v. Payne, 136 Wn.2d 383, 395, 964 P.2d 349 (1998). However, in State v. Kells, 134 Wn.2d 309, 314, 949 P.2d 818 (1998), our Supreme Court held that in considering a motion to enlarge the time to file an untimely appeal of a criminal conviction, the strict application of RAP 18.8(b) must be balanced against the state constitutional right of a defendant to appeal a criminal conviction. The court held that "before a notice of appeal may be dismissed as untimely," the State must show the defendant waived his constitutional right to appeal. Kells, 134 Wn.2d at 314.

Fox concedes his appeal of the dependency and disposition order is untimely under RAP 5.2(a). Fox argues that because he has a due process liberty interest in the care and custody of his children and a right to counsel at public expense, we should treat his motion to enlarge time in the same manner as a criminal defendant and require the Department to show he waived the right to appeal the dependency and disposition order.

Long-standing United States Supreme Court precedent establishes there is no federal due process right to appeal, even in criminal cases. McKane v. Durston, 153

6

U.S. 684, 688, 14 S. Ct. 913, 38 L. Ed. 867 (1894). The States have the authority to decide how to structure their judicial system and appellate review. McKane, 153 U.S. at 688. "[W]hether an appeal should be allowed, and if so, under what circumstances or on what conditions, are matters for each State to determine for itself." McKane, 153 U.S. at 688; see also Kohl v. Lehlback, 160 U.S. 293, 299, 16 S. Ct. 304, 40 L. Ed. 432 (1895) ("the right of review in an appellate court is purely a matter of state concern"); Ortwein v. Schwab, 410 U.S. 656, 660, 93 S. Ct. 1172, 35 L. Ed. 2d 572 (1973) (even in criminal cases, due process does not require a state to provide an appellate system); Ross v. Moffitt, 417 U.S. 600, 606, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974) (reaffirming traditional principle that there is no constitutional right to appeal and "a State is not obliged to provide any appeal at all for criminal defendants"); M.L.B. v. S.L.J., 519 U.S. 102, 111, 117 S. Ct. 555, 136 L. Ed. 2d 473 (1996) (states under no obligation to provide appellate review).

In Washington, our constitution expressly grants a convicted defendant the right to appeal. Article I, section 22 (amendment 10) of the Washington State Constitution provides, in pertinent part, "In criminal prosecutions the accused shall have . . . the right to appeal in all cases."[1]

In State v. Sweet, 90 Wn.2d 282, 286, 581 P.2d 579 (1978), the Washington Supreme Court held that because there is no presumption in favor of waiver of a criminal defendant's constitutional right to appeal, "[t]he State carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver of the right to appeal."[2]

---

[1] Emphasis added.
[2] Emphasis omitted.

In <u>Kells</u>, the court held that before an appellate court can dismiss the motion of a criminal defendant to file an untimely appeal, the State must show the defendant waived his state constitutional right to appeal. <u>Kells</u>, 134 Wn.2d at 314.

> [I]n criminal prosecutions all defendants have a constitutional right to appeal, and there can be no presumption in favor of waiver of a constitutional right. <u>Sweet</u> establishes that the State has the burden to demonstrate a defendant understood his right to appeal and consciously gave up that right before a notice of appeal may be dismissed as untimely.

<u>Kells</u>, 134 Wn.2d at 314.

It is well established that the rights listed in article I, section 22 of the Washington State Constitution, including the right to appeal, apply only to criminal prosecutions. <u>State ex. rel. Gray v. Webster</u>, 122 Wash. 526, 530, 211 P. 274 (1922). Unlike the state constitutional right of a criminal defendant to appeal a conviction, there is no state constitutional right to appeal a dependency and disposition order. While parents have a fundamental liberty interest in the care and custody of their children, the State has a duty to intervene to protect the physical, mental, and emotional health of the child. <u>Santosky v. Kramer</u>, 455 U.S. 745, 753, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982); <u>In re Dependency of K.D.S.</u>, 176 Wn.2d 644, 652, 294 P.3d 695 (2013); <u>In re Dependency of Schermer</u>, 161 Wn.2d 927, 941, 169 P.3d 452 (2007); <u>Stanley v. Illinois</u>, 405 U.S. 645, 652, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); <u>In re Welfare of Sumey</u>, 94 Wn.2d 757, 762-63, 621 P.2d 108 (1980).

The legislature has adopted a statutory scheme that balances the liberty interest of a parent with the right of the child to a safe and healthy environment. <u>K.D.S.</u>, 176 Wn.2d at 652. RCW 13.34.020 provides, in pertinent part:

> The legislature declares that the family unit is a fundamental resource of American life which should be nurtured. Toward the continuance of this

principle, the legislature declares that the family unit should remain intact unless a child's right to conditions of basic nurture, health, or safety is jeopardized. When the rights of basic nurture, physical and mental health, and safety of the child and the legal rights of the parents are in conflict, the rights and safety of the child should prevail. In making reasonable efforts under this chapter, the child's health and safety shall be the paramount concern.

In balancing the legal rights of parents against the rights of the child, " 'the rights and safety of the child . . . shall be the paramount concern.' " Schermer, 161 Wn.2d at 942[3] (quoting RCW 13.34.020). " '[T]he goal of a dependency hearing is to determine the welfare of the child and his best interests.' " Schermer, 161 Wn.2d at 942[4] (quoting In re Welfare of Becker, 87 Wn.2d 470, 476, 553 P.2d 1339 (1976)).

Further, unlike a criminal conviction, a dependency proceeding "is 'a preliminary, remedial, nonadversary proceeding' that does not permanently deprive a parent of any rights." In re Welfare of Key, 119 Wn.2d 600, 609, 836 P.2d 200 (1992) (quoting In re A.W., 53 Wn. App. 22, 30, 765 P.2d 307 (1988)); Schermer, 161 Wn.2d at 943. Dependency proceedings are designed to protect children from harm, reunite families, and help parents alleviate the problems that led to intervention. In re Interest of J.F., 109 Wn. App. 718, 728, 37 P.3d 1227 (2001). The primary purpose of a dependency proceeding is to allow courts to order remedial measures to preserve and mend family ties. Schermer, 161 Wn.2d at 943. If the court finds the State proves the child is dependent under RCW 13.34.030(6) by a preponderance of the evidence, the court must then determine placement of the child and the services to be provided. Schermer, 161 Wn.2d at 942 (citing RCW 13.34.130).

---

[3] Alteration in original.

[4] Alteration in original.

There is no federal due process right under the Fourteenth Amendment to appointed counsel. U.S. CONST. amend. XIV; Lassiter v. Department of Social Services of Durham County, 452 U.S. 18, 32-34, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981). "[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." Lassiter, 452 U.S. at 26-27.[5]

In Washington, parents have a statutory right to counsel at all stages of a dependency proceeding, including on appeal. RCW 13.34.090; RCW 10.101.005; In re Dependency of Grove, 127 Wn.2d 221, 226, 897 P.2d 1252 (1995).[6] But the right to appeal is governed by the Rules of Appellate Procedure.[7] Consistent with the "strong interest in the speedy resolution" of dependency proceedings "to ensure that children do not remain in legal limbo—with the mental and emotional strain that entails—for any longer than is necessary," the Rules of Appellate Procedure give parents the right to appeal and the right to an accelerated appeal of an order of dependency and disposition. In re Dependency of M.H.P., No. 90468-5, slip op. at 17-18 (Wash. Dec. 10, 2015); RAP 18.13A(a); see RCW 13.34.020.

---

[5] Emphasis added.

[6] RCW 13.34.090 states, in pertinent part:

(1) Any party has a right to be represented by an attorney in all proceedings under this chapter, to introduce evidence, to be heard in his or her own behalf, to examine witnesses, to receive a decision based solely on the evidence adduced at the hearing, and to an unbiased fact finder.

(2) At all stages of a proceeding in which a child is alleged to be dependent, the child's parent, guardian, or legal custodian has the right to be represented by counsel, and if indigent, to have counsel appointed for him or her by the court. Unless waived in court, counsel shall be provided to the child's parent, guardian, or legal custodian, if such person (a) has appeared in the proceeding or requested the court to appoint counsel and (b) is financially unable to obtain counsel because of indigency.

RCW 10.101.005 states:

The legislature finds that effective legal representation must be provided for indigent persons and persons who are indigent and able to contribute, consistent with the constitutional requirements of fairness, equal protection, and due process in all cases where the right to counsel attaches.

[7] Fox does not suggest the Rules of Appellate Procedure violate a parent's right to due process.

RAP 2.2(a)(5) gives a parent the right to appeal a dependency and disposition order. RAP 2.2(a)(5) states:

**Generally.** Unless otherwise prohibited by statute or court rule and except as provided in sections (b) and (c), a party may appeal from only the following superior court decisions:

. . . .

(5) <u>Juvenile Court Disposition</u>. The disposition decision following a finding of dependency by a juvenile court, or a disposition decision following a finding of guilt in a juvenile offense proceeding.

RAP 18.13A(a) states that appeals from orders of dependency and disposition "shall be heard as expeditiously as possible" and "[t]he provisions of this rule supersede all other provisions of the Rules of Appellate Procedure to the contrary."

We hold that because a parent has no constitutional right to appeal, the standard that applies to a criminal defendant does not apply to a parent's motion to enlarge time under RAP 18.8(b) to file an appeal of a dependency and disposition order.

In the alternative, Fox asserts that even if the Department does not have to show waiver, extraordinary circumstances justify granting the motion to enlarge time under RAP 18.8(b) to file an appeal of a dependency and disposition order.

Under RAP 18.8(b), the time for filing a notice of appeal will be extended only in extraordinary circumstances and to prevent a gross miscarriage of justice. The rule will not be waived. RAP 1.2(c). "Extraordinary circumstances" include instances where "the filing, despite reasonable diligence, was defective due to excusable error or circumstances beyond the party's control." <u>Reichelt v. Raymark Indus., Inc.</u>, 52 Wn. App. 763, 765, 764 P.2d 653 (1988); <u>Shumway</u>, 136 Wn.2d at 395. Negligence, or lack of reasonable diligence, does not amount to extraordinary circumstances. <u>Beckman v. Dep't of Social & Health Servs.</u>, 102 Wn. App. 687, 695, 11 P.3d 313 (2000).

The application of RAP 18.8(b) does not turn on prejudice to the opposing party. <u>Reichelt</u>, 52 Wn. App. at 766. And even if the appeal raises important issues, it would be improper to consider those issues absent sufficient grounds for granting an extension of time. <u>Schaefco, Inc. v. Columbia River Gorge Comm'n</u>, 121 Wn.2d 366, 368, 849 P.2d 1225 (1993).

Fox claims his appeal presents important issues. As an example, Fox points to the argument that the juvenile court did not have jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), chapter 26.27 RCW. We conclude neither compliance with the UCCJEA nor the other issues raised in the appeal establish extraordinary circumstances.[8] Because Fox fails to show extraordinary circumstances justify an extension of time, we dismiss the appeal.

WE CONCUR:

---

[8] After oral argument, the Department filed a "Motion to Dismiss UCCJEA Issue as Moot and to Supplement Record with UCCJEA Order." Fox opposed the motion. Fox claims even though "an Oregon court has now purportedly declared jurisdiction," the dependency order does not comply with the UCCJEA. Fox can raise the argument of compliance with the UCCJEA with the dependency court. We deny the motion to supplement the record.

12