

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 APR 17 AM 11: 13

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
           )    DIVISION ONE
     Respondent, )
           )    No. 73098-3-I
     v. )
           )    UNPUBLISHED OPINION
DALE RUSSELL LIESCHNER, )
           )
     Appellant. )    FILED: April 17, 2017
           )

DWYER, J. — Dale Lieschner filed a notice of appeal more than a year after the entry of his judgment and sentence. He claimed that he told defense counsel that he wanted to file an appeal and that despite agreeing to do so, counsel failed to file a notice of appeal. After an evidentiary hearing, the trial court rejected Lieschner's account as not credible and found that Lieschner advised counsel that he did not want to appeal. Because the State satisfied its burden of demonstrating that Lieschner knowingly, intelligently, and voluntarily waived his right to appeal, we deny his motion to enlarge the time to file a notice of appeal.

I

In November 2013, a jury found Lieschner guilty of possession of a controlled substance with intent to deliver. At sentencing, on December 24, 2013, the court imposed a standard-range term of 60 months confinement.

Section 5.8 of the judgment and sentence advised Lieschner of his right to appeal. The court also advised Lieschner orally of his right to appeal:

> You have the right to appeal the decision. You have to file a notice of appeal within 30 days. Your time to file a notice of appeal would start tomorrow. If you need assistance, the clerk's office can assist you in filing a notice of appeal. If you can't afford an attorney, an attorney could be appointed for you to represent you on the appeal. You can also get copies of transcripts and whatever portion of the record is necessary at no cost to you for purposes of appeal if it's determined that you are indigent.

Lieschner did not file a notice of appeal within 30 days.

On May 7, 2014, Lieschner filed a pro se motion in the trial court to terminate his legal financial obligations (LFO) in this case. Lieschner also filed a supporting affidavit and motion for order of indigence, requesting preparation of a verbatim report of the sentencing hearing. On January 16, 2015, Lieschner filed a motion to correct or modify his LFO debt.[1]

On January 17, 2015, Lieschner wrote to his trial attorney, Brian Ashbach, asking about the status of his appeal. In the letter, Lieschner claimed that "right after sentencing" he told Ashbach to file a notice of appeal and that Ashbach said he would file the appeal the following Monday. On January 22, 2015, in response to Lieschner's inquiry, this court advised him that no appeal was pending.

On February 6, 2015, Lieschner filed a notice of appeal and a motion to enlarge the time to file the notice of appeal. In his supporting declaration,

---

[1] Nothing in the record indicates that the trial court ruled on these motions.

Lieschner asserted that "[i]mmediately after being found guilty and then after sentencing also," he told Ashbach that he wanted to file an appeal and that Ashbach said he would file the notice of appeal and a motion for an order of indigence on the following Monday. Lieschner claimed that because Ashbach said an appeal could take more than a year, he had checked on the status of the appeal only after another inmate told him he should have received materials related to an appeal. Lieschner also asserted that "I've never done an appeal before."

In October 2015, a commissioner granted the parties' joint motion and remanded the matter for an evidentiary hearing on whether Lieschner waived his right to appeal.

At the evidentiary hearing in February 2016, Brian Ashbach testified that immediately after the jury's verdict, Lieschner expressed his dissatisfaction with Ashbach's representation. When Ashbach told Lieschner that he could appeal, Lieschner responded, "it didn't matter now." Ashbach later learned that Lieschner was referring to a suspended sentence for a Montana conviction. Lieschner indicated that he faced a potential 20-year sentence if his probation was revoked because of the Washington conviction.

Ashbach discussed with Lieschner the fact that his Washington conviction "would be a problem for his probation in Montana." Ashbach could not recall for certain, but assumed the discussion involved the possibility that an appeal of the

Washington conviction would have no effect on the probation decision in Montana.

After sentencing, Ashbach asked Lieschner to let him know as soon as possible if he had changed his mind and wanted to appeal. Ashbach could not recall Lieschner's precise response, but asserted that "he had indicated that he did not want to pursue the appeal." Ashbach denied that Lieschner said he wanted to file an appeal.

Lieschner testified that at the time of trial, he was facing a "20-year sentence" in Montana if his probation was revoked. For this reason, he refused to accept a plea offer and insisted that he go to trial in order to preserve his opportunity to appeal. Lieschner maintained that he told Ashbach after sentencing that he wanted to appeal and that Ashbach said he would file the appeal on the following Monday.

While in prison, Lieschner testified, he believed that "the appeal was in progress." In December 2014, another inmate told Lieschner that he should have by then communicated with an appellate attorney and received transcripts. Lieschner then wrote to Ashbach and eventually learned that no appeal had been filed.

At the reference hearing, during cross-examination, Lieschner acknowledged that he knew that he had the right to appeal, that he had to file an appeal within 30 days, and that he would lose his right to appeal if he did not file it within that time. Lieschner also conceded that he knew by May 2014, when he

requested a sentencing transcript for his motion to set aside legal financial obligations, that no transcript had been prepared. Contrary to the assertion in his supporting declaration, Lieschner also admitted that he had pursued a pro se appeal on an earlier occasion.

At the conclusion of the evidentiary hearing, the State argued that Lieschner's undisputed knowledge of the right to appeal, his understanding of the need to file an appeal within 30 days, and his subsequent inaction, established his waiver of the right to appeal. Counsel for Lieschner argued that Ashbach's two brief discussions with Lieschner about his right to appeal were insufficient to establish a waiver given the multiple contested trial issues and Lieschner's motivation for filing an appeal.

The trial court found that Ashbach's testimony was credible and that Lieschner's testimony was not credible. In particular, the court found that Lieschner was aware of his right to appeal, how to perfect an appeal, and gave "verbal instructions" to Ashbach not to file an appeal. The court rejected as not credible Lieschner's testimony that he had initially misunderstood the question about whether he had ever pursued a pro se appeal and that he had told Ashbach from the beginning about facing a 20-year sentence on a Montana conviction.

After the evidentiary hearing, the superior court transmitted its findings to this court, and the parties filed supplemental briefs.

II

Generally, a criminal defendant seeking review must file a notice of appeal within 30 days after the entry of the judgment and sentence. RAP 5.2(a). An appellate court will extend the time to file a notice of appeal

> "only in extraordinary circumstances and to prevent a gross miscarriage of justice." RAP 18.8(b). But in a criminal case, we must balance strict application of that filing deadline with the defendant's state constitutional right to an appeal. State v. Kells, 134 Wn.2d 309, 314, 949 P.2d 818 (1998); see CONST. art. 1, § 22 (amend. 10). The State bears the burden of showing that the decision to waive the constitutional right to appeal was knowing, intelligent, and voluntary. State v. Sweet, 90 Wn.2d 282, 286, 581 P.2d 579 (1978). Consequently, the State must demonstrate that "a defendant understood his right to appeal and consciously gave up that right before a notice of appeal may be dismissed as untimely." Kells, 134 Wn.2d at 314.

State v. Chetty, 184 Wn. App. 607, 613, 338 P.3d 298 (2014) (Chetty II). Under certain circumstances, however, "inaction on the part of a defendant may be used by the State to prove the defendant waived the right to appeal." State v. Tomal, 133 Wn.2d 985, 990, 948 P.2d 833 (1997).

III

Lieschner contends that this court should accept his untimely notice of appeal because the State failed to demonstrate that he knowingly, intelligently, and voluntarily waived his right to appeal. Lieschner does not challenge the trial court's factual findings that he knew he had a right to appeal, knew how to perfect an appeal, and told defense counsel that he did not want to appeal. Rather, he argues that he was denied effective assistance of counsel when

-6-

Ashbach failed to consult with him about the advantages and disadvantages of filing an appeal.

In certain circumstances, we may consider the effectiveness of counsel when determining whether a defendant validly waived the right to appeal and whether to enlarge the time to file a notice of appeal. State v. Chetty, 167 Wn. App. 432, 444, 272 P.3d 918 (2012) (Chetty I) (the effectiveness of counsel is a circumstance that bears on the validity of defendant's waiver of the right to appeal and, in turn, on the determination whether to extend time to file notice of appeal under RAP 18.8(b)); see also Chetty II, 184 Wn. App. at 614-15 (defendant did not validly waive right to appeal when defense counsel failed to advise defendant of adverse immigration consequence and failed to consult about the advantages and disadvantages of filing an appeal); State v. Wicker, 105 Wn. App. 428, 431-33, 20 P.3d 1007 (2001) (an attorney who fails to timely comply with a client's request to file a notice of appeal is 'professionally unreasonable' and prejudice is presumed).[2]

The United States Supreme Court has adopted the framework of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for analyzing whether defense counsel's failure to file a notice of appeal constitutes ineffective assistance. Roe v. Flores-Ortega, 528 U.S. 470, 478, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). Lieschner acknowledges that he

---

[2] The State mischaracterizes the scope of Chetty I and its effect on the State's burden to establish a valid waiver of the right to appeal. We decline the State's invitation to reconsider Chetty I.

-7-

therefore bears the burden of demonstrating both deficient performance and resulting prejudice. See Strickland, 466 U.S. at 687; State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). To establish prejudice in this context, Lieschner must show that "'but for counsel's deficient conduct, he would have appealed.'" Chetty II, 184 Wn. App. at 614 (quoting Roe, 528 U.S. at 486).

As evidence of deficient performance, Lieschner relies on the fact that Ashbach had only brief discussions with him about an appeal and that the trial court made no finding that he "explicitly" told Ashbach not to file an appeal. Lieschner also suggests several reasons why he would have wanted to pursue an appeal and notes his counsel's conclusory arguments at the evidentiary hearing about the American Bar Association guidelines for advising defendants about the right to appeal.

The trial court found that Lieschner "advised" Ashbach and gave "verbal instructions" that he did not want to appeal. Viewed in context, the record and findings establish that Lieschner clearly conveyed to Ashbach that he did not want to file an appeal. See Roe, 528 U.S. at 477 ("a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently"). But we need not decide whether counsel's failure to consult further with Lieschner, despite instructions not to file an appeal, constituted deficient performance because Lieschner has failed, in any event, to demonstrate prejudice.

Lieschner's motion to enlarge the time to file his notice of appeal and the resulting evidentiary hearing were based exclusively on his repeated assertions

that he told Ashbach to file an appeal and Ashbach agreed to file the appeal. Lieschner had every opportunity at the evidentiary hearing to explain why he might have told counsel not to file an appeal or how further consultation with counsel would have persuaded him to file an appeal.

But Lieschner steadfastly maintained that he intended to preserve his right to appeal from the beginning of trial, that he told Ashbach to file an appeal, that Ashbach said he would file an appeal, and that he patiently waited in prison, believing that the appeal was proceeding. Lieschner expressed no uncertainty about his actions or his intentions. The trial court found this account not credible. Under the circumstances, Lieschner's current claim that he would have appealed had counsel consulted with him about the advantages and disadvantages of filing an appeal rests on nothing more than speculation. Because Lieschner failed to establish prejudice, his ineffective assistance claim fails. See State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995) (claims of ineffective assistance must be based "on the record established in the proceedings below").

There is no dispute that Lieschner understood he had a right to appeal and the failure to file a notice of appeal within 30 days could result in the waiver of his right to appeal. He told defense counsel that he did not want to file an appeal and then waited more than a year to file a notice of appeal. On this record, the State satisfied its burden of demonstrating that Lieschner knowingly, intelligently, and voluntarily waived his right to appeal.

We deny Lieschner's motion to enlarge the time to file a notice of appeal.

_Duggan, J._

We concur:

_Spearman, J._                    _Cox, J._