IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>KEVIN LIGHT-ROTH,<br><br>Appellant. | No. 78448-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: May 6, 2019 |

CHUN, J. — In 2000, the trial court convicted Kevin Light-Roth of first degree robbery based on his guilty plea. At the time, he was a minor. Eighteen years later, Light-Roth moved to extend the time to file a notice of appeal of the judgment. A commissioner of this court remanded the case to the trial court for an evidentiary hearing on whether Light-Roth voluntarily, knowingly, and intelligently waived his constitutional right to appeal. The State moved to modify the commissioner's decision. Because of the ambiguity in the language of Light-Roth's notice of rights of appeal and his declaration attesting to his lack of a voluntary, knowing, and intelligent waiver of his right to appeal, we deny the State's motion to modify and remand for an evidentiary hearing.

I.
BACKGROUND

In March 2000, the State charged Light-Roth with robbery in the first degree and assault in the second degree all while armed with a handgun.

Light-Roth was 16 years old at the time. Due to the first degree robbery charge, Light-Roth automatically came under the jurisdiction of the adult court. Former RCW 13.04.030(1)(e)(v)(C) (2000). He pleaded guilty to first degree robbery and the State agreed to dismiss the firearm enhancement. The court sentenced Light-Roth to 36 months of total confinement, the low end of his standard range.[1]

In May 2018, Light-Roth filed a notice of appeal of the judgment and sentence for first degree robbery entered in 2000 after his guilty plea. At the direction of the court, Light-Roth filed a motion to extend time for notice of appeal, which the State opposed. A commissioner of this court remanded the case to the trial court for a hearing to determine whether Light-Roth voluntarily, knowingly, and intelligently waived his limited right to appeal after he pleaded guilty. The State filed a motion to modify the ruling, requesting denial of the motion to extend time without an evidentiary hearing. A three-judge panel referred both motions for oral argument on the existing briefs.

## II.
## ANALYSIS

Light-Roth requests an extension of time to file an appeal under RAP 18.8(b), claiming he involuntarily forfeited his right to appeal the declination of his case from juvenile court. The State contends the evidence shows

---

[1] Soon after release, the State charged Light-Roth with second degree murder. Upon conviction, the court sentenced him to 335 months of confinement. In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 332, 422 P.3d 444 (2018). This court affirmed the judgment and sentence on direct appeal. State v. Light-Roth, noted at 139 Wn. App. 1093 (2007). Both the Washington Supreme Court and United States Supreme Court subsequently denied review. Light-Roth, 191 Wn.2d at 332; State v. Light-Roth, noted at 163 Wn.2d 1028 (2008); Light-Roth v. Washington, 555 U.S. 922, 129 S. Ct. 288, 172 L.Ed.2d 211 (Oct. 6, 2008). The Washington State Supreme Court dismissed Light-Roth's personal restraint petition as time barred in August 2018. Light-Roth, 191 Wn.2d at 338.

2

Light-Roth knowingly waived his right to appeal, requiring denial of the motion to extend time. We disagree. On the facts currently before us, we cannot determine whether Light-Roth validly waived his right to appeal.

Washington's Constitution guarantees criminal defendants the right to appeal in all cases. CONST. art I, § 22 (amend. 10). This right exists in a limited capacity following a guilty plea, only allowing defendants to raise collateral questions such as jurisdiction of the court. State v. Pritchard, 79 Wn. App. 14, 17, 900 P.2d 560 (1995). Declination of a case from juvenile court is "appealable as a matter of right, even after a plea of guilty, because it raises a question of jurisdiction." Pritchard, 79 Wn. App. at 17.

Generally, defendants must invoke the right to appeal within 30 days after entry of the decision for review. RAP 5.2(a). "The appellate court will ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section." RAP 18.8(b). However, "the strict application of filing deadlines must be balanced against a defendant's state constitutional right to appeal." State v. Kells, 134 Wn.2d 309, 314, 949 P.2d 818 (1998). Therefore, an appellate court may extend the time for notice of appeal "in extraordinary circumstances and to prevent a gross miscarriage of justice." RAP 18.8(b).

"[A]n involuntary forfeiture of the right to a criminal appeal is never valid." Kells, 134 Wn.2d at 313. Before an appeal may be dismissed as untimely under RAP 18.8(b), the State bears the burden of demonstrating the defendant

voluntarily, knowingly, and intelligently waived the right to appeal. Kells, 134 Wn.2d at 315; State v. Cater, 186 Wn. App. 384, 392, 345 P.3d 843 (2015). This requires an affirmative showing that the defendant "understood [their] right to appeal and chose not to exercise it." Kells, 134 Wn.2d at 315. Courts do not presume a waiver of the right to appeal. State v. Sweet, 90 Wn.2d 282, 286, 581 P.2d 579 (1978); Kells, 134 Wn.2d at 314; Cater, 186 Wn. App. at 392.

Here, Light-Roth relies on Kells, 134 Wn.2d at 313, to support his request for an extension of time to file his notice of appeal. In Kells, a commissioner of the juvenile division of the trial court declined juvenile jurisdiction over a 15 year-old defendant accused of killing his friend. 134 Wn.2d at 311-12. The defendant pleaded guilty to second degree murder in Superior Court. Kells, 134 Wn.2d at 312. The court did not inform the defendant he had a right to appeal the order of declination. Kells, 134 Wn.2d at 312. Fifteen months after sentencing, the defendant filed a notice of appeal of the order of declination. Kells, 134 Wn.2d at 312. The Washington Supreme Court determined the State did not need to inform the defendant of his right to appeal a declination order. Kells, 134 Wn.2d at 315. However, the court also explicitly established that the State must affirmatively demonstrate the defendant voluntarily, knowingly, and intelligently waived his right to directly appeal the declination order before an appellate court may dismiss the appeal as untimely. Kells, 134 Wn.2d at 311.

Light-Roth contends he did not properly waive his right to appeal because of a misleading notice of rights on appeal. Light-Roth received and signed a

notice of his rights to appeal specifying, "You have a right to appeal your conviction if you were found guilty following a trial" and "You have the right to appeal a sentence outside the standard sentence range." This notice suggested Light-Roth lacked any right to appeal because he did not fall within the described parameters—he pleaded guilty instead of going to trial and received a standard sentence. Furthermore, the notice failed to advise Light-Roth of his limited rights of appeal after a plea of guilty, including adult court jurisdiction. Thus, the notice created potential for confusion as to Light-Roth's rights.

However, "the mere existence of a potentially confusing advisement without a declaration" from the defendant does not merit a hearing for evidence of waiver of the right to appeal. Cater, 186 Wn. App. at 396. In Cater, the defendant failed to provide a declaration asserting that he lacked awareness of his limited right to appeal following a guilty plea or that he would have directed his attorney to file an appeal. 186 Wn. App. at 395-96. Additional circumstances led this court to conclude the defendant had properly waived his right to appeal:

> The unique circumstances, including the presumption of a voluntary plea, the exceptionally favorable plea agreement, the unexplained 34-year delay in filing a notice of appeal, and [the defendant's] complete failure to assert any facts suggesting he was unaware of his limited right to appeal, support the strong inference that he knowingly, intelligently, and voluntarily waived his limited right to appeal following a guilty plea.

Cater, 186 Wn. App. at 397.

Here, unlike Cater, Light-Roth provided a declaration with his motion to extend time. In an unsworn declaration Light-Roth asserted:

5

2. When I was convicted and sentenced, I was not informed and did not know that I had a right to appeal issues such as the jurisdiction of adult court for a crime committed when I was a juvenile.

3. If I had been informed or known, I would have asked my attorney to file an appeal for me.

4. I did not knowingly, intelligently, and voluntarily waive my right to appeal.

This declaration casts doubt upon whether he validly waived his limited right to appeal after his plea.[2] Furthermore, the notice of rights of appeal essentially informed Light-Roth that he lacked any right to appeal, despite the appealability of a declination order even after a plea of guilty. The State must affirmatively demonstrate Light-Roth waived his right to appeal the declination order before the appeal may be dismissed as untimely. Kells, 134 Wn.2d at 311. At this stage in the proceedings, the State fails to satisfy this burden. The facts before us do not establish proper waiver, necessitating an evidentiary hearing to determine whether Light-Roth voluntarily, knowingly, and intelligently waived his right to appeal. Therefore, we deny the State's motion to modify.

As per the commissioner's ruling, we remand the case to the trial court for an evidentiary hearing to address whether Light-Roth voluntarily, knowingly, and intelligently waived his limited right to appeal. The evidentiary hearing shall occur within 60 days, unless the trial court requires additional time. In that event, Light-Roth's counsel shall advise this court of the status of the hearing. After the

_____

[2] We do not conclude that such an unsworn statement—serving as a written offer of proof—necessarily suffices to demonstrate the lack of awareness of the right to appeal. We understand, based on the representation of counsel, that Light-Roth will adopt his statements under oath and perfect his declaration at the beginning of the evidentiary hearing.

No. 78448-0-I/7

hearing, counsel shall promptly forward to this court copies of the written findings and conclusions with any transcript of the hearing.

Chun, J.

WE CONCUR: